**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Candido FELIX and Gloria Felix,
Defendants-Appellants,**

**No. 72–2862.**

United States Court of Appeals,
Ninth Circuit.

Feb. 9, 1973.

Clyde E. Sullivan (argued), Leon Taylor, Albuquerque, N. M., for defendants-appellants.

James E. Mueller, Asst. U. S. Atty. (argued), Sarah Bailey, Asst. U. S. Atty., William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before CHAMBERS and BARNES, Circuit Judges, and JAMESON,* District Judge.

JAMESON, District Judge:

Each of the appellants, Candido Felix and Gloria Felix, was convicted on one count of importing 6.5 pounds of heroin and on a second count of importing 10 grams of cocaine, in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2. It is contended that the district court erred in (1) holding that appellants did not have standing to move for suppression of evidence, and (2) in denying Candido's motion for acquittal.

Appellants were charged jointly with Joe and Kathy Santillanes with importation. Joe and Kathy were also charged with possession. The Government agreed to dismiss all counts against Kathy if she would testify truthfully to her knowledge of the involvement of Candido and Gloria. With the same condition, it was agreed that Joe would plead guilty to one count and the Government would dismiss the remaining three counts.

*Standing*

The contraband was seized at the Douglas, Arizona, point of entry from an automobile driven by Joe Santillanes. His wife, Kathy, was a passenger. The automobile was owned by and registered in the name of Joe Santillanes. Appellants were not in or near the automobile or the customs inspection station. They do not claim ownership of the automobile or the contraband and were not in possession of the contraband. They were not the persons against whom the search of the car was directed.

In urging standing to move for suppression appellants rely upon Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233, (1960) holding that where conviction flows from a person's possession at the time of search he need not make "a preliminary showing of an interest in the premises searched or the property seized" to have standing for a motion to suppress under Rule 41(e) F.R.Crim.P. 362 U.S. at 263, 80 S.Ct. at 732. In applying the teachings of Jones and related cases, this court, in Diaz-Rosendo v. United States, 357 F.2d 124, 131–132, cert. denied 385 U.S. 856, 87 S.Ct. 104, 17 L.Ed.2d 83 (1966), held that where an accused is not on the "premises" where the search occurred and his conviction does not flow from possession of the contraband, he comes within the category recognized in Jones as "one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." 362 U.S. at 261, 80 S.Ct. at 731.

More recently in United States v. Carrion, 463 F.2d 704, 706 (9th Cir. 1972) it was held that a co-conspirator in a conspiracy to smuggle and to receive and conceal illegally imported marijuana was without standing to move for suppression of evidence, since possession was not an essential element of the crime of which the accused was convicted. Here the appellants were "aiders

---

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

and abetters"[1] in the importation of the heroin, and their possession of the contraband was not an essential element of the offense. The court properly denied appellants' motion to suppress for want of standing.

### Sufficiency of Evidence

Appellants were convicted primarily, but not exclusively, upon the testimony of Kathy and Joe Santillanes. On May 26, 1972, Kathy and Joe drove from Albuquerque, New Mexico to Agua Prieta, Mexico, across the border from Douglas, Arizona. They parked near the Yolando Hotel.

Kathy testified that Gloria had arranged with Kathy to make the trip and paid her for it; that Gloria gave Kathy a bag containing the contraband, which Kathy and Joe concealed in the left quarter panel of the Santillanes car; and that Gloria told Kathy to bring the contraband to Kathy's house in Albuquerque.

Both Kathy and Joe testified that on a prior date they met Gloria in Tijuana, Mexico, and that heroin was purchased from a Rose and Guillermo and transported by Kathy and Joe to Albuquerque. Gloria also paid Kathy for that trip.

As a part of the Government's case in chief Kathy testified that on May 26, 1972 she saw appellant Candido, together with Gloria, Rose and Guillermo, near the Yolando Hotel. On rebuttal Joe testified that he saw Candido, Rose and Guillermo, as well as Gloria, near the Yolando Hotel, and that he saw Gloria and Candido having a conversation with Rose and Guillermo.[2] This testimony

was properly considered by the trial court. United States v. Calderon, 348 U.S. 160, 164, 75 S.Ct. 186, 99 L.Ed. 202 (1954); Benchwick v. United States, 297 F.2d 330, 335 (9th Cir. 1961).[3]

There was evidence that C. F. Felix registered at a motel in Douglas, Arizona immediately across the border from Agua Prieta, on May 26, 1972, giving appellants' address in Albuquerque and describing an automobile which was registered to appellants.

We agree with the district court that there was sufficient evidence to submit the case to the jury as to both defendants. While the contraband was delivered to Kathy by Gloria and the evidence against Candido was circumstantial, there was testimony that immediately prior to the delivery Candido was at the location near the Yolando Hotel with Gloria and that both Candido and Gloria were in conversation with Rose and Guillermo, from whom heroin had been purchased by Gloria on a prior occasion.

The evidence "considered most favorably to the government, was such as to permit a rational conclusion by the jury that the accused (Candido) was guilty beyond a reasonable doubt." United States v. Nelson, 419 F.2d 1237, 1242 (9 Cir. 1969). We are "satisfied that the jurors reasonably could decide that they would not hesitate to act in their own serious affairs upon factual assumptions as probable as the conclusion" that Candido planned and participated with Gloria in the importation of the contraband. *Id.* at 1245.

Affirmed.

---

1. The court correctly instructed the jury on the essential elements of the offense and the proof necessary to show that the accused had aided and abetted in the commission of the offense. No exceptions were taken to the court's charge.

2. As a part of appellants' defense Gloria denied any participation in the importation and testified that she had never been in Mexico and that neither she nor Candido was in Agua Prieta or Douglas,

Arizona on May 26, 1972. Candido did not take the stand.

3. While Candido did not testify himself, it does not appear that he elected to stand upon the record at the close of the Government's case. Gloria's testimony was directly related to appellants' contention that neither Candido nor Gloria was in Agua Prieta, Mexico or Douglas, Arizona at the time of the importation.