**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Armando Martinez VALENCIA,**
**Defendant-Appellant.**

**No. 73–1653.**

United States Court of Appeals,
Ninth Circuit.

Feb. 1, 1974.

Leon Thikoll, Thikoll & Johnston, Tucson, Ariz. (argued), for defendant-appellant.

William C. Smitherman, U. S. Atty., Daniel Knauss, Asst. U. S. Atty. (argued), Tucson, Ariz., for plaintiff-appellee.

Before MERRILL and WALLACE, Circuit Judges, and CONTI, District Judge.*

## OPINION

MERRILL, Circuit Judge:

Appellant has been convicted of importation of narcotics and of conspiracy to

---

* Honorable Samuel Conti, United States District Judge for the Northern District of California, sitting by designation.

import narcotics. He has received consecutive sentences. The principal question upon appeal is whether the two offenses were identical, with the result that appellant has twice been placed in jeopardy, receiving consecutive sentences for identical offenses.

Count I of the indictment read:

"That on or about May 4, 1972, at the Port of Entry, Nogales, in the District of Arizona, ARMANDO MARTINEZ VALENCIA did knowingly and intentionally import into the United States from Mexico approximately five (5) ounces of a Schedule I. narcotic drug controlled substance, to-wit: heroin, in violation of Title 21, United States Code, Section 952(a)."

Count III read:

"That on or about May 4, 1972, at Tucson, in the District of Arizona, and elsewhere, ARMANDO MARTINEZ VALENCIA, the defendant herein, Christine Lucille Spriggs and diverse other persons whose names are unknown to the Grand Jury, did wilfully and knowingly combine, conspire, confederate and agree together and with each other to import into the United States from Mexico approximately five (5) ounces of a Schedule I narcotic drug controlled substance, to-wit: heroin, in violation of Title 21, United States Code, Section 952(a), all in violation of Title 21, United States Code, Section 963."

The facts as recited by appellant are as follows:

"It was the theory of the prosecution that Christine Spriggs conspired with VALENCIA in Tucson, Arizona, to illegally import into the United States a quantity of heroin. A motor vehicle was provided to Christine Spriggs by VALENCIA, and she was instructed that the heroin would be given to her in Nogales, Mexico, by VALENCIA; and she should then cross the border with that heroin and drive it up to Tucson. On May 4, 1972, Miss Spriggs went to Nogales, Mexico, and in a bakery was handed a quantity of heroin by ARMANDO VALENCIA.

She went to the port of entry and was subjected to a strip search, perhaps even amounting to a body cavity search, and the heroin was discovered. A few minutes later ARMANDO VALENCIA came through the port of entry and was detained as a suspect but then released. Customs Agent, Wayne Brown, after speaking with Christine Spriggs, determined that she had come down in a certain motor vehicle, obtained a description of that vehicle and caused it to be searched and registration documents in the name of VALENCIA were taken.

At some time after her arrest, Christine Spriggs told the United States customs agents that she had been working with ARMANDO VALENCIA and would testify against him if he were to be charged with the offense. ARMANDO VALENCIA was then arrested in Tucson, Arizona, and held for trial."

It is conceded that appellant did not, by his own act, import narcotics under count I. His liability is founded on 18 U.S.C. § 2.

"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

Appellant contends that the substantive offense with which he was charged was one that cannot be effectuated without the concerted activity of two persons; that when such is the case those two persons cannot be charged, in addition to the substantive offense, with conspiracy for engaging in or having agreed to engage in the concerted activity.

█ The law, however, is otherwise. It may be conceded that the typical case under § 2 is one of knowing concert of action pursuant to agreement. However, it is not the only case. As to § 2(a), it is stated in Pereira v. United States, 347 U.

S. 1, 11–12, 74 S.Ct. 358, 364, 98 L.Ed. 435 (1954):

"Aiding, abetting, and counseling are not terms which presuppose the existence of an agreement. Those terms have a broader application, making the defendant a principal when he consciously shares in a criminal act, regardless of the existence of a conspiracy. [Citation omitted.] Thus, the charge of conspiracy requires proof not essential to the convictions on the substantive offenses—proof of an agreement to commit an offense against the United States—and it cannot be said that the substantive offenses and the conspiracy are identical * * *."

■ As to § 2(b), it is clear that one can use an innocent pawn to cause an act to be done which, if performed by the principal, would be unlawful. Such was the case in *Pereira* where the conspirators caused mailing to be done by a bank.

■ We conclude that the two offenses set forth in counts I and III of the indictment were not identical.

Other assignments of error are directed to judgment on count I.

Appellant moved to suppress the narcotics recovered in the search of Spriggs at the port of entry described by appellant in his factual statement as "a strip search, perhaps even amounting to a body cavity search."

At that time count II of the indictment charged appellant with possession of narcotics with intent to distribute. At the hearing on appellant's motion to suppress the Government dismissed this count. The District Court then denied the motion on the ground that upon the remaining counts appellant lacked standing to object to the search.

■ ■ This was not error. Possession is not an element of the offenses charged in counts I or III, and denial of the motion for want of standing was proper. Brown v. United States, 411 U. S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973); United States v. Felix, 474 F.2d

610 (9th Cir. 1973); Diaz-Rosendo v. United States, 357 F.2d 124 (9th Cir. 1966).

■ ■ Appellant protests the dismissal of the one count that would have afforded him standing to challenge the search. We find abuse of neither prosecutorial nor judicial discretion. Consent of appellant was not necessary since trial had not yet commenced. Fed.R. Crim.P. 48(a).

■ It was neither error nor abuse of discretion to admit testimony of Spriggs relating to evidence of previous narcotics transactions between her and appellant. Such evidence bore on issues of intent, knowledge, and scheme or plan relevant to a case founded on aiding and abetting or causing commission of the offense.

■ With reference to limiting instructions, no such charge to the jury was requested at the time of trial; nor was objection made to any omission. Accordingly we decline to entertain the issue.

Judgment affirmed.