**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Elbert Lamar BOSTON,**
**Defendant-Appellant.**

**No. 74–1791.**

United States Court of Appeals,
Ninth Circuit.

Dec. 9, 1974.

Certiorari Denied May 27, 1975.

See 95 S.Ct. 1994.

Bryan R. Gerstel (argued), San Diego, Cal., for defendant-appellant.

Harry D. Steward, U.S. Atty., Herbert B. Hoffman, Asst. U.S. Atty., (argued), San Diego, Cal., for plaintiff-appellee.

Before MERRILL and TRASK, Circuit Judges, and FERGUSON, District Judge.*

## OPINION

MERRILL, Circuit Judge:

Appellant was charged in a four-count indictment with illegal importation of heroin under 21 U.S.C. §§ 952, 960, possession of heroin with intent to distribute under 21 U.S.C. § 841(a)(1), and conspiracy both to import and to possess under 21 U.S.C. § 963.

Appellant and a female companion, returning to the United States from Mexico, had been stopped at the border. Suspicions of the guards were aroused and appellant's companion was subjected to a vaginal search which produced heroin. A motion to suppress was made, appellant contending that the search was made without a clear indication that it would produce contraband, and accordingly that the standards established in Henderson v. United States, 390 F.2d 805 (9th Cir. 1967), had not been met. The motion was denied. Appellant later volunteered a confession by letter addressed to the United States Attorney, in which he assumed full responsibility for the importation and asserted that his companion had been coerced by him into doing the actual importing. Following trial without jury appellant was acquitted on both conspiracy counts and found guilty on both substantive counts.

On appeal the major assignments of error are (1) that the heroin should have been suppressed as the result of an un-

---

* Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

lawful search and (2) that without corroboration—without independent evidence that a crime had been committed to which the confession related—the confession should not have been received in evidence. *See* Rodriquez v. United States, 407 F.2d 832 (9th Cir. 1969).

We agree with appellant that as to the search of his companion the standards established in this Circuit for a body cavity search were not met and that the motion to suppress should have been granted as to the possession count. Appellant has standing to challenge the search as to this count under Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), as interpreted in Brown v. United States, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). We have held that standing is conferred under *Jones* by a charge of a crime which includes as an essential element possession of the evidence seized, with such possession or rights to possession existing at the time of seizure. Valesquez v. Rhay, 408 F.2d 9 (9th Cir. 1969). Other circuits have ruled likewise. *See, e. g.,* United States v. Mapp, 476 F.2d 67, 72–73 (2d Cir. 1973); United States v. Willis, 473 F.2d 450, 451 (6th Cir.), cert. denied, 412 U.S. 908, 93 S.Ct. 2290, 36 L.Ed.2d 974 (1973); United States v. West, 453 F.2d 1351, 1353–1355 (3d Cir. 1972); United States v. Cobb, 432 F.2d 716, 720–722 (4th Cir. 1970); United States v. Allsenberrie, 424 F.2d 1209 (7th Cir. 1970); Niro v. United States, 388 F.2d 535, 537 (1st Cir. 1968). The Court in *Brown* expressly reserved judgment as to this aspect of the *Jones* standing rules where, as here, possession of the evidence at the time of the search is an essential element of the crime charged. *See* 411 U.S. at 228, 229, 93 S.Ct. 1565.

As to the importation count, however, this court has held that possession is not an essential element of that offense and accordingly that what the Court in *Brown* refers to as " 'automatic' standing," 411 U.S. at 229, 93 S.Ct. 1565, does not follow from the charge. United States v. Valencia, 492 F.2d 1071 (9th Cir. 1974).

Appellant seeks to distinguish *Valencia* on the ground that the importation conviction there could be supported on a theory of aiding and abetting, *see* 18 U.S.C. § 2, which can be accomplished without ever exercising such dominion and control over the contraband as would constitute constructive possession. Here, it is asserted, appellant's conviction was not based on aiding and abetting; if he is to be found guilty as a principal, then, as a matter of actual fact, he must have been in constructive possession of the heroin. By asserting constructive possession for purposes of guilt while denying such possession as would confer standing, appellant contends, the United States commits that "vice" of "prosecutorial self-contradiction," *Brown, supra*, 411 U.S. at 229, 93 S.Ct. 1565, which was the concern of the Court in *Jones, supra*,[1] and as to which the Court in *Brown* expressly reserved judgment. Appellant relies on the recent decision in Commonwealth v. Weeden, 322 A.2d 343 (Pa.), petition for cert. denied, 420 U.S. 937, 95 S.Ct. 1147, 43 L.Ed.2d 414.

We must respectfully disagree. The problems giving rise to the *Jones/Brown* " 'automatic' standing"—essentially, standing implied in law—do not ordinarily arise in those cases where the defendant has directly been aggrieved by the unreasonableness of the *search*. If a search has intruded upon someone's privacy he is not likely to be hesitant in saying so. Automatic standing ordinarily comes into play where the search has not intruded upon the privacy of the defendant but where that which has been seized nevertheless can be used against him. In such cases if he is to have standing to object to the seizure as the product of an unreasonable search he must show that some recognizable interest of his has been offended by the seizure—a showing that prior to *Jones* was

---

1. "The possession on the basis of which petitioner is to be and was convicted suffices to give him standing under any fair and rational conception of the requirements of Rule 41(e)." 362 U.S. at 264, 80 S.Ct. at 732.

highly embarrassing. The embarrassment, as the Court in *Brown* notes, has now been eliminated by Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), holding that concessions made by a defendant in order to establish standing to move to suppress cannot be used against him at trial. What is left to outrage one's sense of fairness—when there is no intrusion upon a defendant's privacy and his claim of possessory right to that which has been seized no longer has its devastating effect—is the matter of "prosecutorial self-contradiction." The question is as to the degree and quality of governmental inconsistency that suffice to create that condition and, on balance, to trigger "automatic" standing. In such cases, as we read *Brown*, it is not the facts as developed at trial or the prosecutor's theory of guilt that controls. Rather, it is whether the defendant has been *charged* with possession—whether possession is an essential element of the crime for which he has been indicted. In reciting the minimum requirements for standing the Court, as an alternative to a showing establishing intrusion upon privacy, requires that the defendant be "charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure." 411 U.S. at 229, 93 S.Ct. at 1569.

We conclude that where, as in this case and *Valencia*, possession at the time of the search is not an essential element of the crime charged, there is no automatic standing under *Brown*. Cf., e. g., United States v. Felix, 474 F.2d 610 (9th Cir. 1973); United States v. Johnson, 454 F.2d 700 (9th Cir. 1972); Diaz-Rosendo v. United States, 357 F.2d 124 (9th Cir. en banc), cert. denied, 385 U.S. 856, 87 S.Ct. 104, 17 L.Ed.2d 83 (1966).

Nor can it be said that what might be called "actual standing" (as distinguished from standing implied in law) was established here such as to render erroneous the denial of the motion to suppress. We now know the truth to be that appellant at the time of seizure did in fact claim as his the heroin seized. It was on that basis that he was convicted. But truth as it emerges from trial cannot reach backward to confer standing to move to suppress. Rather it is the showing made by the defendant at the time he moves to suppress that counts. He must then show that at the time of seizure he had a possessory interest in that which he seeks to suppress. Should he, in support of a motion to suppress, concede such an interest in order to establish "actual standing," his concession, as we have noted, cannot now be used against him at trial. Simmons v. United States, *supra*. But it is a concession that must be made. Neither jury verdict nor governmental contention can serve to relieve the defendant of his burden in those cases where automatic standing does not serve to relieve him.

As to the importation count, then, it was not error to deny the motion to suppress. Since the heroin was properly received in evidence as to that count there was ample evidence, apart from the confession, as to the fact that a crime had been committed. We find no merit in appellant's contention that the United States has failed to meet its burden of proving that the confession was freely and voluntarily made.

Appellant's remaining assignments of error are without merit.

Judgment on the possession count reversed.

Judgment on the importation count affirmed.