**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Vincent Francis GUERRERA,**
**Defendant-Appellant.**

**No. 76–2466.**

United States Court of Appeals,
Ninth Circuit.

May 31, 1977.

Richard A. Walton, Los Angeles, Cal., Roger S. Hanson, Santa Ana, Cal., submitted on brief, for defendant-appellant.

Terry J. Knoepp, U. S. Atty., San Diego, Cal., for plaintiff-appellee; Warren P. Reese, Chief Asst. U. S. Atty., San Diego, Cal., on the brief.

Before MERRILL and SNEED, Circuit Judges, and BLUMENFELD,* District Judge.

MERRILL, Circuit Judge:

This appeal is taken from conviction of conspiracies to import and to possess with intent to distribute cocaine and marijuana, and the substantive offenses of importation and possession with intent to distribute those controlled substances, all in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960 and 963.

In September, 1975, customs officials in the San Ysidro area, east of San Diego, California, received information that a certain described automobile had been frequently observed at dusk picking up backpackers on the Otay Mesa, an area adjacent to the Mexican border and notorious for smuggling activities. Patrol officers were alerted. On September 28, 1975, an automobile was stopped on Otay Mesa and searched by patrol officers. The car was a rented car, driven by one Basta. On inquiry, San Pedro Customs Communications Center reported that the Drug Enforcement Administration had provided information a few days before that someone by the name of Basta might attempt to import cocaine into the United States.

On searching the car, a cigarette package containing cocaine was found. Basta then produced the key to the trunk of the car. In the trunk were two locked foot lockers and two locked suitcases, later found to contain marijuana. There was no spare tire in the trunk. Basta was placed under arrest.

On the same day, appellant drove to the port of entry at San Ysidro from Mexico in

---

* Honorable M. Joseph Blumenfeld, United States District Judge of the District of Connecticut, sitting by designation.

a rented car. The car was searched and the trunk contained two spare tires of different sizes, two jacks and two lug wrenches. One spare tire was bolted down and the other was loose. Also in the trunk were two nylon woven handbags containing clothing. In one of these Basta's wallet was found and a set of keys. It was later learned that Basta was appellant's half-brother, that the extra tire was the size for Basta's rented car, and that the keys belonged to the luggage containing marijuana in Basta's car. Appellant's car was then examined by a dog handler. His dog, Phantom, was trained to "alert" by scratching to indicate the presence of certain types of contraband, including cocaine and marijuana, or to indicate where such contraband had been located within the past twenty-four hours. Phantom registered an "alert" on the back seat of appellant's rented car and in the trunk on one of the nylon bags. Since no drugs were present the officers concluded that the nylon bag had recently contained contraband and that contraband had been recently deposited on the rear seat. Appellant was then arrested. When searched he was found to have a cocaine sniffing spoon on his keychain.

◼ Appellant contends that there was not sufficient evidence connecting him with the drugs found in the Basta car to permit a jury to find beyond reasonable doubt that he was guilty of importation, possession, or conspiracy. We disagree. The items found in appellant's car and on his person, and the reaction of Phantom, could, with rational inferences, justify the jury's verdict.

◼ Appellant next contends that it was error to admit testimony relating to Phantom's training and behavior. We disagree. Similar testimony with respect to tracking dogs has been held admissible. *United States v. Joyner,* 160 U.S.App.D.C. 384, 492 F.2d 650, 653, *cert. denied,* 419 U.S. 852, 95 S.Ct. 94, 142 L.Ed.2d 83 (1974). Our court has held that "alerting" on the part of dogs

trained to detect contraband can give rise to probable cause to search. *United States v. Richards,* 500 F.2d 1025, 1030 (9th Cir. 1974), *cert. denied,* 420 U.S. 924, 95 S.Ct. 1118, 43 L.Ed.2d 393 (1975). This testimony, then, was competent evidence of the relevant fact that some kind of contraband (of the various sorts that Phantom was trained to react to) had been in contact with the rear seat of the car and with the bag in the car's trunk at some time during the preceding 24 hours. As appellant points out, it falls short of conclusively establishing that the contraband in the car had been marijuana or cocaine, or that the contraband had been in the car since the car had been in appellant's possession. However, discounting the uncertainties of less than positive proof is an important part of the jury function, and doing so here was certainly within the capabilities of the jury.

Appellant's principal attack is on the court's refusal to suppress the drugs found in the Basta car, on the ground that the search was conducted without probable cause. We need not reach this question.[1] From the record it is clear that appellant does not have standing to contest the validity of the search of Basta's car or the seizure of the drugs found there.

◼ As this court noted in *United States v. Boston,* 510 F.2d 35 (9th Cir.), *cert. denied,* 421 U.S. 990, 95 S.Ct. 1994, 44 L.Ed.2d 480 (1975), standing to move to suppress can either be implied as a matter of law (automatic standing) or established by the facts (actual standing). In *Jones v. United States,* 362 U.S. 257, 263–65, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), the Supreme Court announced the rule of what has come to be called "automatic standing" under which standing is conferred "by a charge of a crime which includes as an essential element possession of the evidence seized, with such possession or rights to possession existing at the time of the seizure." *United States v. Boston, supra* at 37. Since in this

---

1. Nor need we reach appellant's contentions respecting the reliability of the informant, on whose information the government relied in stopping the Basta car and the refusal of the government to disclose his identity. These also relate to the reasonableness of the stop and the subsequent search.

case possession of the seized evidence at the time of the seizure was not an element of the crimes of importation or conspiracy, a case for automatic standing is not presented.[2] *United States v. Prueitt,* 540 F.2d 995, 1004–05 (9th Cir. 1976); *United States v. Boston, supra* at 37; *United States v. Valencia,* 492 F.2d 1071, 1074 (9th Cir. 1974); *cf. Alderman v. United States,* 394 U.S. 165, 171–76, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).

■ Appellant contends, however, that he has actual standing. As to such standing the Court in *Jones* stated:

"Ordinarily, then, it is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he allege, and if the allegation be disputed that he establish, that he himself was the victim of an invasion of privacy."

362 U.S. at 261, 80 S.Ct. at 731. What was meant by "invasion of privacy" in this context is also made clear by the Court: The movant must either have owned or possessed the seized property at the time of seizure or have had a substantial proprietary or possessory interest in the premises searched or have been legitimately on the premises when the search occurred. *See Brown v. United States,* 411 U.S. 223, 229, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973); *Jones v. United States, supra,* 362 U.S. at 261, 80 S.Ct. 725; *United States v. Jamerson,* 549 F.2d 1263, 1267 (9th Cir. 1977).

■ Appellant contends he has actual standing because he had constructively "conceded" a possessory or proprietary interest in the seized drugs. On the motion to suppress such a contention was expressed by his counsel. However, it is not clear from that statement just how such an interest had been "conceded." The record contains no claim of ownership or right to possession of the drugs by the appellant himself, and the government prosecutor did not stipulate to the unsupported contention of appellant's counsel. Counsel seems to be

arguing that by making a motion to suppress appellant impliedly concedes the necessary ownership or possession to confer actual standing. This, however, is far too equivocal to suffice. If appellant is to establish that he was by the seizure made the victim of an invasion of privacy he must unequivocally claim a proprietary or possessory interest in that which was seized. *Cf. United States v. Williams,* 536 F.2d 810, 812–13 (9th Cir. 1976), *cert. denied,* 429 U.S. 839, 97 S.Ct. 110, 50 L.Ed.2d 106 (1976). The record does not show that he made such a claim.

We conclude that appellant has not shown himself to have been a victim of invasion of privacy in the search of the Basta car or the seizure of the drugs it contained; that he was, therefore, without standing to move to suppress evidence obtained as a result of an allegedly unlawful search.

Judgment affirmed.

---

**2.** As to the count of possession with intent to distribute, appellant would have automatic standing. Since concurrent sentences were imposed, however, this fact does not require us to

deal with the question of probable cause as to that count. *United States v. Westover,* 511 F.2d 1154, 1155 (9th Cir.), *cert. denied,* 422 U.S. 1009, 95 S.Ct. 2633, 45 L.Ed.2d 673 (1975).