## UNITED STATES OF AMERICA, Plaintiff

### v.

## BERNARD CHRISTIAN, Defendant

Criminal No. 80/81

District Court of the Virgin Islands

Div. of St. Croix

August 5, 1980

MELVIN H. EVANS, JR., ESQ., Assistant United States Attorney (Office of the United States Attorney), Christiansted, St. Croix, V.I., *for plaintiff*

DEREK M. HODGE, ESQ. (HODGE & SHEEN), Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge By Designation*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This is a federal criminal prosecution for the alleged unlawful importation of marijuana in violation of 21 U.S.C. § 952(d). It is now before the Court on motion of defendant to suppress certain real evidence which was seized from the mails and certain statements made by defendant to police officers after his arrest.

The real evidence which defendant seeks to suppress consists of approximately twenty (20) pounds of marijuana contained in a small suitcase which was allegedly received at the Richmond Post Office, Christiansted, St. Croix, addressed to:

> Bernard Christian
> c/o Valdemar Hansen
> Box 2
> Christiansted, St. Croix
> Virgin Islands

The package bore the following return address:

> Bernard Christian
> 24 Hopkins Ave.
> Duhaney Park
> Kingston, Jamaica

The package was opened by U.S. Customs officials without a warrant whereupon the marijuana was found. Defendant contends that the warrantless search was in violation of his Fourth Amendment rights.

Defendant was arrested and taken to the offices of the Joint Narcotics Strike Force sometime around 9:00 p.m., May 16, 1980. After signing a form acknowledging that he had been warned of his rights, defendant made two oral statements to police officers which were written down by the police and signed by defendant. Defendant contends that these statements were taken in violation of his Fifth Amendment rights.

Defendant's motion will be denied as to both the real evidence and the statements.

## I. SEIZURE OF THE MARIJUANA

■■ "The proponent of a motion to suppress evidence has the initial burden of establishing that his own Fourth Amendment

rights were violated by the challenged search or seizure." Rakas v. Illinois, 439 U.S. 128, 131 (1978), citing Simmons v. United States, 390 U.S. 377, 389–390 (1968); Jones v. United States, 362 U.S. 257, 261 (1960). Where, as here, a challenged search was conducted without a warrant it is presumptively unreasonable under the Fourth Amendment. Katz v. United States, 389 U.S. 347, 357 (1967). Despite this presumption of illegality, however, defendant must establish that the search infringed *his* privacy interests. Defendant has failed to do so.

■ ■ Ordinarily the addressee of a package which is sent through the mails or by private carrier has a proprietary interest in the package. See, e.g., United States v. Kelly, 529 F.2d 1365, 1370 (8th Cir. 1976). This is true regardless of whether the addressee is aware of the package or of the nature of its contents. In order to establish such an interest, it is only necessary for the addressee to establish that he is the intended recipient of the package. Such a fact does not establish ownership of the contents. Moreover, testimony of a defendant at a suppression hearing which is used to establish "standing" to suppress may not be used by the government at trial. Simmons v. United States, 390 U.S. 377, 389–94 (1973).

■ At the commencement of the hearing on defendant's motion, defense counsel specifically, adamantly and repeatedly denied that defendant had any interest whatsoever in the package. This being so, he cannot complain of any irregularities regarding its search.

■ The Court is aware that where a criminal defendant is charged with an offense which necessarily includes an element of possession he may be accorded "automatic standing" to challenge the legality of a search or seizure. Jones v. United States, 362 U.S. 257, 263–64 (1960). This doctrine has been seriously eroded by the ruling in Simmons v. United States, supra. See Rakas v. United States, supra at 135 note 4; Brown v. United States, 411 U.S. 223, 228–29 (1973). In any event, this doctrine has no application to the matter at bar because the offense charged does not include the element of possession. United States v. Valencia, 492 F.2d 1071, 1074 (9th Cir. 1974).

■ Because defendant has failed even to suggest that he has the slightest interest in the package, his motion to suppress evidence obtained through the search of its contents will be denied.

## II. DEFENDANT'S PRIOR STATEMENTS

A. *Findings of Fact*

The only witness produced at the hearing of defendant's motion was Officer McBean of the Department of Public Safety, whose testimony was wholly uncontradicted.

At about 9:00 p.m. on May 16, 1980, after the marijuana was found in the package, defendant was picked up by police officers and taken to the offices of the Joint Narcotics Strike Force where he was formally placed under arrest by Officer McBean. Defendant was informed that he was suspected of having imported a controlled substance into the Virgin Islands. He was advised of his right to remain silent. At this point defendant appeared to wish to cooperate with the police. At 9:02 p.m. defendant signed a written form of waiver containing the following language:

### WAIVER OF RIGHTS

I have read or have had read to me this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

He then made a statement which was recorded by the police and signed by defendant. Following further questioning defendant was again advised of his right to counsel, which he orally waived. Defendant then made and acknowledged a second statement. Defendant was not harassed, threatened or mistreated.

B. *Conclusions of Law*

█ Defendant was arrested by the police upon probable cause. He was properly advised of his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966). Defendant knowingly and voluntarily made statements to the police which may be received in evidence at trial. Defendant's motion to suppress these statements must be denied.

### ORDER

For the reasons set forth in the Memorandum Opinion of even date, it is hereby

ORDERED:

That defendant's motion to suppress be, and is hereby, DENIED.