42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario Cesar ESPINOZA-PADILLA, Defendant-Appellant.
 No. 94-50329.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1994.*
Decided Dec. 6, 1994.
 
 1
 Before: ALARCON and HALL, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Mario Cesar Espinoza-Padilla was convicted and sentenced after entering a conditional plea of guilty for possession of forty-two kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). He appeals the district court's order denying his motion to suppress evidence recovered during a search of his vehicle at a United States Border Patrol permanent checkpoint in San Clemente, California. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 4
 I. DISCUSSION.
 
 
 5
 Espinoza-Padilla argues that the district court erred in denying his suppression motion because (1) his 30-second detention at the preliminary inspection area was abnormally long, and (2) the referral to the secondary inspection area was pretextual to a search for possible narcotics violations and not for an "immigration purpose."
 
 
 6
 "Whether detention at a permanent immigration checkpoint violates an individual's Fourth Amendment rights is a question of law reviewed de novo." United States v. Wilson, 7 F.3d 828, 833 (9th Cir.1993), cert. denied, 114 S.Ct. 2151 (1994). The underlying facts as found by the district court are reviewed for clear error. United States v. Prieto-Villa, 910 F.2d 601, 604 (9th Cir.1990).
 
 
 7
 "A vehicle may be stopped at permanent immigration checkpoints for brief initial questioning and referred to a secondary inspection area for further questioning 'in the absence of any individualized suspicion.' " Wilson, 7 F.3d at 833 (quoting United States v. Martinez-Fuerte, 428 U.S. 543, 562 (1976)) (emphasis added). "Such a stop is reasonable per se, so long as the scope of the detention remains confined to a few brief questions, the possible production of a document indicating the detainee's lawful presence in the United States, and a 'visual inspection of the vehicle ... limited to what can be seen without a search.' " United States v. Taylor, 934 F.2d 218, 220 (9th Cir.1991) (quoting Martinez-Fuerte, 428 U.S. at 558), cert. denied, 112 S.Ct. 971 (1992). Potential immigration violations support a referral to a secondary inspection area. United States v. Preciado-Robles, 964 F.2d 882, 884 (9th Cir.1992). "We will not inquire into an agent's subjective purpose in referring a car to secondary inspection, however, absent objective evidence supporting a charge of pretext." Wilson, 7 F.3d at 833 (citations omitted).
 
 
 8
 a. The Initial Stop
 
 
 9
 Espinoza-Padilla does not challenge the initial stop at the primary inspection area. He does, however, argue that the unusual 30-second detention (as opposed to the normal two to five seconds) rendered the primary stop the functional equivalent of detention at a secondary inspection area. His argument is unavailing. Assuming he is correct, the district court specifically found that the border patrol agent had the "minimal articulable suspicion" that was required for further detention. See Taylor, 934 F.2d at 221 ("we hold that the brief further detention conducted by the government in this case must be predicated on an articulable suspicion or 'a minimal showing of suspicion.' ") (citations omitted). After a complete review of the transcript of the evidentiary hearing, we conclude that the district court's finding was not clearly erroneous.
 
 
 10
 b. Pretext.
 
 
 11
 Espinoza-Padilla also argues that the referral to the secondary inspection area was not for an immigration purpose and was pretextual to a search for narcotics. He claims that the 30-second initial detention objectively demonstrates pretext. He argues that if the agent had an actual immigration purpose, the officer would have checked Espinoza-Padilla's trunk at the primary stop.
 
 
 12
 The brief delay alone is not objective evidence of pretext. During the 30-second period, the agent inquired into Espinoza-Padilla's citizenship, examined his immigration card, and inquired into his destination. The agent observed a shaky voice, lack of eye contact, nervous behavior, and an attempt "to coast by [the agent's] position" by a known tactic of flashing an immigration card. The officer testified that he highly suspected a "Title 8 violation" and that Espinoza-Padilla could be smuggling aliens past the checkpoint.
 
 
 13
 Espinoza-Padilla also points to the use of a dog to search the vehicle, rather than a visual inspection of the trunk, arguing that this is objective evidence of pretext. His argument fails. See Wilson, 7 F.3d at 833 ("The immediate use of a dog in secondary inspection is not evidence of pretext, as the dog is trained to detect hidden persons as well as drugs.").
 
 
 14
 He also argues that his "nervous behavior" was innocent and contends that "nervousness" alone (1) lacks objectivity, (2) does not supply a basis for reasonable suspicion, and (3) evidences pretext. However, as analyzed above, the district court based its finding of minimal articulable suspicion on more than the border agent's observation of nervousness. The finding was not clearly erroneous. Moreover, a vehicle may be referred to a secondary area for further questioning even in the absence of any individualized suspicion. Wilson, 7 F.3d at 833. Additionally, "lack of certainty as to the reason for nervous behavior or the nature of suspected contraband does not amount to pretext." Id. at 834.
 
 
 15
 c. Probable Cause.
 
 
 16
 Next, Espinoza-Padilla contends that, despite the dog "alerting," agents did not have probable cause to search the compartment that contained the cocaine.
 
 
 17
 Probable cause is a mixed question of law and fact reviewed de novo. Prieto-Villa, 910 F.2d at 604. The underlying facts on which the district court bases its conclusion are reviewed for clear error. Id.
 
 
 18
 Here, the district court found that Espinoza-Padilla knowingly consented to allow the dog to sniff the exterior of the vehicle. The dog "alerted" to the driver-side door, jumped in the vehicle, and sat and "indicated" to the center of the seat. An officer inspected the area where the dog alerted and felt a hidden compartment. A second officer noticed a heightened nervousness in Espinoza-Padilla while the dog was sniffing the vehicle.
 
 
 19
 A validly conducted dog sniff can supply probable cause only if sufficient reliability is established. United States v. Spetz, 721 F.2d 1457, 1464 (9th Cir.1983), abandoned on other grounds in, United States v. Bagley, 772 F.2d 482 (9th Cir.1985), cert denied, 475 U.S. 1023 (1986). In this case, an officer testified regarding the dog's training and reliability that the dog had been certified in June of 1993 and recertified every two weeks. He also testified that of about 150 "canine checks," the dog had alerted about 30 to 40 times. Of those alerts, hidden persons or drugs were found about 20 times. The district court found probable cause based on the totality of the circumstances (the dog alert, the location of the compartment, the heightened nervousness of the defendant during the dog sniff, as well as the reliability of the dog based on its past statistics and certification history). The court's findings were not clearly erroneous, and together the factors create a substantial basis for probable cause. United States v. Ludwig, 10 F.3d 1523, 1527-28 (10th Cir.1993); United States v. DiCesare, 765 F.2d 890, 896 (9th Cir.1985), amended, 777 F.2d 543 (9th Cir.1985); United States v. Guerrera, 554 F.2d 987, 989 (9th Cir.1977).
 
 II. CONCLUSION
 
 20
 Based on the foregoing, the district court committed no error in denying the suppression motion. Espinoza-Padilla's conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3