**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ramon BALTAZAR–MAGALLAN,
Defendant—Appellant.**

No. 06–30112.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2007.

Filed Feb. 28, 2007.

---

Michael Dion, Esq., Office of the U.S. Attorney, Tacoma, WA, Helen J. Brunner, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Mary Ann Royle, Esq., Vancouver, WA, for Defendant–Appellant.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM *

Defendant Ramon Baltazar–Magallan appeals his convictions for (1) conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) aiding and abetting the possession of narcotics with the intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); and (3) possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Baltazar–Magallan argues that the district court erred in denying his motion for judgment of acquittal under Fed.R.Crim.P. 29.[1] He also argues that the district court erred by imposing a 10–year mandatory minimum sentence on the basis of the quantity of narcotics that the jury found was involved in the conspiracy, without making a separate finding of the quantity of narcotics attributable to him. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a defendant's challenge to the sufficiency of the evidence where, as here, the challenge was properly raised before the district court. See United States v. Pearson, 391 F.3d 1072, 1075 (9th Cir.2004). There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); United States v. Stewart, 420 F.3d 1007, 1014–15 (9th Cir.2005). We review for plain error Baltazar–Magallan's drug quantity claim, because he did not raise it before the district court. See United States v. Santiago, 466 F.3d 801, 803 (9th Cir.2006). Under the plain error standard, we will not

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. Although Baltazar–Magallan challenges the sufficiency of the evidence only for his two drug convictions, there would necessarily be insufficient evidence to support his conviction for possessing a firearm during a drug trafficking crime if he were acquitted of the drug charges. Because we affirm Baltazar–Magallan's drug convictions, and he does not otherwise challenge his firearm conviction, we affirm that conviction as well.

reverse unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id.*

■ **1.** To prove a conspiracy, the government must establish "(1) an agreement to accomplish an illegal objective, (2) coupled with one or more acts in furtherance of the illegal purpose, and (3) the requisite intent necessary to commit the underlying substantive offense." *United States v. Penagos,* 823 F.2d 346, 348 (9th Cir.1987). Also, "the government must present sufficient evidence to demonstrate ... an agreement to engage in the specific criminal activity charged in the indictment." *United States v. Garcia,* 151 F.3d 1243, 1245 (9th Cir.1998). Once a conspiracy is established, the government can prove a defendant's "knowing participation" with evidence of the defendant's "connection with the conspiracy." *United States v. Delgado,* 357 F.3d 1061, 1066 (9th Cir. 2004).

The evidence showed that Baltazar–Magallan participated in and acted in furtherance of an attempted drug deal. Indeed, Baltazar–Magallan concedes that he acted as a lookout during the deal. Nonetheless, Baltazar–Magallan argues that the evidence does not show beyond a reasonable doubt that he knowingly agreed and intended to participate in a *drug* deal, the specific unlawful objective charged in the indictment. *See Garcia,* 151 F.3d at 1245.

Although the Government did not present direct evidence of his knowledge that drugs were involved, there was sufficient evidence for a rational jury to find beyond a reasonable doubt that he had such knowledge. The evidence established that Baltazar–Magallan had a prior relationship with Saldivar–Pineda, the co-defendant who possessed and transported the drugs. Further, phone records reveal numerous phone calls between Baltazar–Magallan, Saldivar–Pineda, and another co-defendant before and after each drug transaction,[2] and the particular timing of the calls strongly suggests that Baltazar–Magallan either supplied the drugs himself or that Saldivar–Pineda kept him informed regarding the status of the drugs. Also, the meeting between the various co-defendants before the attempted drug deal took place at Baltazar–Magallan's apartment complex, supporting an inference that he was a more central figure in the deal.

We thus conclude that Baltazar–Magallan's conviction for conspiracy to distribute narcotics was supported by sufficient evidence, and the district court properly denied his Rule 29 motion.

■ **2.** A conviction for aiding and abetting requires the Government to prove: "(1) that the accused had the specific intent to facilitate the commission of a crime by another, (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying substantive offense, and (4) that someone committed the underlying substantive offense." *Delgado,* 357 F.3d at 1065–66.

Here, the evidence established that co-defendant Saldivar–Pineda committed the underlying substantive offense: he "knowingly possessed" the narcotics "with intent to deliver them to another person." *United States v. Orduno–Aguilera,* 183 F.3d 1138, 1140 (9th Cir.1999). Baltazar–Magallan argues, however, that the Government did not establish that he knowingly aided and abetted this specific crime, a necessary condition to satisfy the specific intent element. *See Delgado,* 357 F.3d at 1068 (holding that, to have the requisite intent, the defendant "needed to know that

2. Before the attempted deal, during which each of the co-defendants was arrested, Saldi-var–Pineda twice delivered "sample" quantities of narcotics to the DEA informant.

he was assisting [his co-defendant] to commit the crime of possession with intent to distribute methamphetamine").

For the reasons discussed above, we conclude that there was sufficient circumstantial evidence that Baltazar–Magallan knew Saldivar–Pineda possessed narcotics with the intent to distribute.[3]

3. A conspirator is not automatically liable for the entire quantity of drugs involved in the conspiracy. Rather, a conspirator is liable only for the quantity of drugs that was both reasonably foreseeable to him and "within 'the scope' of his particular agreement with the conspirators." *United States v. Ortiz,* 362 F.3d 1274, 1276–77 (9th Cir.2004) (internal quotation marks omitted). Here, the jury found only the quantity of drugs attributable to the conspiracy as a whole, and the district court did not make a separate finding of the amount for which Baltazar–Magallan was accountable. Thus, it was plain error for the court to impose a 10–year mandatory minimum sentence based on the quantity of drugs involved in the conspiracy. *See id.* at 1277. This error, however, did not affect Baltazar–Magallan's substantial rights.

Baltazar–Magallan was also convicted of aiding and abetting the possession of the narcotics with the intent to distribute. Unlike a conspirator, an aider and abettor is liable to the same extent as the principal. *See United States v. Garcia,* 400 F.3d 816, 819 (9th Cir.2005), *cert. denied,* ——— U.S. ———, 126 S.Ct. 839, 163 L.Ed.2d 714 (2005). Thus, Baltazar–Magallan was ac-

countable for the quantity of drugs possessed by Saldivar–Pineda—the full amount involved in the conspiracy—and subject to a 10–year mandatory minimum sentence for aiding and abetting. Notably, the district court imposed concurrent 10–year mandatory minimum sentences for the conspiracy and aiding and abetting convictions. Therefore, even if Baltazar–Magallan was not subject to a mandatory minimum sentence for the conspiracy conviction, he was still subject to the mandatory minimum sentence for the aiding and abetting conviction. Consequently, the district court's error did not affect Baltazar–Magallan's substantial rights, and is not plain error.

**AFFIRMED.**

---

**3.** Baltazar–Magallan also argues that the evidence is insufficient to support his aiding and abetting conviction because the Government presented no evidence either that Baltazar–Magallan actually or constructively possessed the narcotics, or that he helped Saldivar–Pineda to acquire possession of the narcotics. This argument is unpersuasive.

The crime of aiding and abetting the possession of narcotics does not require actual or constructive possession. *See United States v. Boston,* 510 F.2d 35, 37 (9th Cir.1974). Here, the evidence established that Baltazar–Magallan helped Saldivar–Pineda to maintain possession of the narcotics, by acting as a lookout while Saldivar–Pineda attempted to distribute them; it is immaterial whether he also aided Saldivar–Pineda's acquisition of the narcotics.