**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mark Edwin FLOM, Defendant-Appellant.**

**No. 72–1154.**

United States Court of Appeals, Ninth Circuit.

July 19, 1972.

---

1. Nor is removal authorized under 28 U.S.C. § 1446 except by any defendant prior to trial.

Richard W. Trost (argued), San Diego, Cal., for defendant-appellant.

E. Mac Amos, Jr., Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HAMLEY and CHOY, Circuit Judges, and CRARY,* District Judge.

PER CURIAM:

Mark E. Flom appeals his conviction by a judge without a jury of importing and knowingly facilitating the importation into and transportation within the United States of heroin in violation of 21 U.S.C. § 174. We reverse. The evidence is insufficient to sustain the judgment.

The Government proved that Flom and his longtime friend Daniel Atkinson went to Mexico together. While separated from Flom, Atkinson purchased heroin and secreted it in his body. The men reentered the United States on foot, and were detained because they were nervous and appeared to be under the influence

of drugs. Flom had recent needle marks on his arms, but a strip search was negative. A strip and body search of Atkinson revealed the heroin.

Viewed most favorably to the Government, the evidence does not support a finding that Flom had possession, actual or constructive, of the heroin, or that he knew it was illegally imported. Atkinson had exclusive control of the heroin. The Government's evidence may have given rise to the suspicion, but it did not prove that Flom was implicated with Atkinson in the illegal importation of heroin. Murray v. United States, 403 F.2d 694, 695–696 (9th Cir. 1968).

Reversed.

---

* The Honorable E. Avery Crary, United States District Judge for the Central District of California, sitting by designation.