**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Henry Martin RAMOS, Defendant-Appellant.**

No. 72-1520.

United States Court of Appeals, Ninth Circuit.

March 29, 1973.

James M. McCabe (argued), Benjamin F. Rayborn, Fed. Defenders, San Diego, Cal., for defendant-appellant.

Mac Amos, Jr., Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., James W. Meyers, Asst. U. S. Atty., Ste-

phen G. Nelson, San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and HUFSTEDLER, Circuit Judges, and EAST,* Senior District Judge.

EAST, Senior District Judge:

On March 31, 1971, the appellant, Henry Martin Ramos (Ramos), and a co-defendant, Richard Steven Martinez (Martinez), were indicted on two counts. Count two charges Ramos and Martinez with intent to defraud the United States by knowingly receiving, concealing and facilitating the transportation and concealment of some 108 pounds of marijuana, in violation of 21 U.S.C. Section 176a.

The defendants were tried by the District Court without a jury. Ramos and Martinez each testified generally to Ramos' innocence. The District Court found both defendants guilty and sentenced each to custody.

This court has jurisdiction pursuant to 28 U.S.C. Sections 1291 and 1294. We affirm.

The evidence presented on the government's case in chief we narrate as follows:

On March 20, 1971, an agent of the Border Patrol stopped a 1966 Mustang at a checkpoint on Interstate 8 near Ocotillo, California, approximately three miles from the Mexican border, in order to inspect the vehicle for the presence of aliens. Martinez was driving the car and Ramos was riding as a passenger.

After stopping the vehicle the agent directed it to the side of the road, toward a second agent who was observing the vehicle being stopped for his inspection of the car. The agent asked the driver to open the trunk and he replied that he did not have the key. The occupants were asked to exit the vehicle and step to the rear of the car. The agent removed the rear seat and detected the odor of marijuana. Forty-nine kilos of marijuana were removed from the trunk after an agent had forced it open.

Both defendants were placed under arrest and handcuffed. Martinez was placed in a patrol car near the load car where he remained until removed from the scene. Ramos was first placed on a dirt pile near the side of the road, some ten feet distant, where he remained until custom agents removed him to a patrol vehicle approximately 50 to 60 feet distant from the area of the load car.

Some 30 minutes later, a custom agent (Polish), who was watching Ramos, started to return to the area of the load car upon summons, when he saw a key lying in the dirt near the roadway approximately ten feet distant from the open door of the vehicle in which Ramos was held. Martinez was never seen in the area where the key was found. Subsequently the key was determined by a locksmith to be the key to the trunk of the load vehicle.

We examine the evidence under these rulings of this Circuit:

"This court has held that when one drives a car laden with contraband, there is a substantial basis from which the trier of fact may infer that the driver has knowing possession of the contraband. United States v. Dixon, 460 F.2d 309 (9th Cir. 1972); United States v. Ascolani-Gonzalez, 449 F.2d 159 (9th Cir., 1971);

"It is equally well established that a passenger may not be convicted unless there is evidence connecting him with the contraband, other than his presence in the vehicle. United States v. Thomas, 453 F.2d 141, 143 (9th Cir., 1971), cert. denied, Lucas v. United States, 405 U.S. 1069 [92 S.Ct. 1516], 31 L.Ed.2d 801 (1972); Bettis v. United States, 408 F.2d 563, 567 (9th Cir. 1969)." See United States v. Zamora-Corona, 465 F.2d 427 (9th Cir. 1972);

"On an appeal based upon insufficiency of evidence, the evidence produced at the trial must be viewed in the light

---

* Honorable William G. East, Senior Judge, United States District Court for the District of Oregon, sitting by designation.

most favorable to the Government, together with the reasonable inferences which may be drawn therefrom." Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Crosson, 462 F.2d 96 (9th Cir. 1972);

"Possession of marijuana may be constructive rather than actual and such possession may support a conviction." Moreover, "Possession may be established by circumstantial evidence." United States v. Zumpano, 436 F.2d 535, 538 (9th Cir. 1970). "The word 'possession' as used in [Sec.] 176a, embraces both actual and constructive possession." Petley v. United States, 427 F.2d 1101, 1106 (9th Cir. 1970), cert. denied, 400 U.S. 827, 91 S.Ct. 55, 27 L.Ed.2d 57, and

"Circumstantial evidence is not inherently less probative than direct evidence." United States v. Nelson, 419 F.2d 1237, 1239 (9th Cir. 1969).

It is manifest that the possessor of the key to the trunk of the load car had ready control of the contraband therein, and we conclude that the evidence was sufficient to warrant the finding of guilt.

The circumstance of the site of the key in the close proximity of Ramos and at a distance from Martinez inexorably enmeshed Ramos with the key. Further, the trier of the facts could reasonably and rationally infer therefrom that Ramos had possession of the key from sometime before he left the load car until he with scienter surreptitiously divested himself of it at the finding site.

The ruling of the District Court was not compromised by the subsequent self-serving testimony of the defendants.

"Trier of fact is not compelled to accept and believe the self serving stories of vitally interested defendants. Their evidence may not only be disbelieved, but from the totality of the circumstances, including the manner in which they testify, a contrary conclusion may be properly drawn."

United States v. Cisneros, 448 F.2d 298, 305 (9th Cir. 1971).

The judgment of conviction is affirmed.