**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John CLADIANOS, Defendant-Appellant.**

No. 75–2559.

United States Court of Appeals,
Ninth Circuit.

Feb. 20, 1976.

Rehearing and Rehearing En Banc
Denied April 1, 1976.

Harry E. Claiborne (argued), Las Vegas, Nev., for defendant-appellant.

Samuel Coon, Asst. U. S. Atty. (argued), Reno, Nev., for plaintiff-appellee.

## OPINION

Before BROWNING and SNEED, Circuit Judges, and JAMESON,* District Judge.

### PER CURIAM:

Appellant Cladianos was convicted by a jury on one count charging carrying on the business of a wholesale dealer in liquors and willfully failing to pay the special tax required for such business in violation of 26 U.S.C. § 5111(a)[1] and 26 U.S.C. § 5691(a).[2] This appeal challenges the conviction on two grounds: First, appellant contends the evidence is insufficient to support a finding that he carried on a business as a wholesale dealer in liquors; second, appellant claims the trial judge committed prejudicial error by refusing to give an instruction requested by the appellant. For the reasons hereinbelow stated, we affirm.

### I. The Sufficiency of the Evidence.

■ This circuit has recognized that the proper inquiry for a court reviewing the sufficiency of evidence to support a conviction is whether the evidence, considered in the light most favorable to the Government, was such as to permit a rational conclusion by the jury that the accused was guilty beyond a reasonable doubt. *United States v. Nelson*, 419 F.2d 1237, 1242 (9th Cir. 1969); *United States v. Jones*, 518 F.2d 64, 65 (9th Cir. 1975). Our review of the record convinces us that the Government offered evidence which would, if believed, justify the jury's determination that appellant carried on the business of a wholesaler in liquors. Therefore, the verdict will not be upset.

### II. The Trial Court's Refusal to Give the Requested Instruction.

Appellant submitted the following instruction to the court:

"The gist of the offense charged in the indictment is carrying on the business of a wholesale dealer in liquors and willfully failing to pay the special federal tax required of wholesale dealers. . . .

"Mere proof of a single sale of liquor at wholesale, *or sales of liquor to a single customer for resale*, do not constitute proof that the seller is carrying on the business of a wholesale dealer, in absence of proof of circumstances showing that the seller had the purpose to carry on, and was carrying on, the business of a wholesale dealer, ready and able to sell liquor at wholesale to any and all customers he would accept." (Emphasis added.)

The trial court's instruction was identical to that submitted except that it did not include the provision, "or sales of liquor to a single customer for resale." Appellant urges that the court's refusal to instruct the jury as requested was prejudicial error.

■ Appellant is right when he contends that the weight of authority supports the proposition that proof of a single sale of alcoholic beverages for resale, without more, is insufficient to establish the carrying on the business of a wholesale dealer in liquors. *Supreme Malt Products Co. v. United States*, 153 F.2d 5 (1st Cir. 1946); see also, *Bush v. United States*, 218 F.2d 223 (10th Cir. 1954). Appellant seeks to expand this rule to require an instruction to the effect that the phrase "carry on the business" means more than *engaging in a pattern of wholesale transactions with a single buyer*. We agree with the court below that such an instruction is not required by the logic of *Supreme Malt Products Co., supra*, or the language of 26 U.S.C. § 5691(a).

■ The reason for requiring more than proof of one wholesale deal to support

* Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

1. 26 U.S.C. § 5111(a) provides in relevant part: "Wholesale dealers in liquor—Every wholesale dealer in liquors shall pay a special tax of $255 a year. . . ."

2. 26 U.S.C. § 5691(a) provides in relevant part: "Any person who shall carry on the business of a . . . wholesale dealer in liquors . . . and willfully fail to pay the special tax as required by law, shall be * * *" guilty of an offense against the laws of the United States.

a conviction under 26 U.S.C. § 5691(a) is that the term "carry on the business" implies an "element of continuity or habitual practice." *Supreme Malt Products Co., supra* at 6. An isolated wholesale transaction, absent other incriminating circumstances, lacks such continuity. Proof of several wholesale transactions with a single purchaser, however, creates an inference that defendant was engaged in a venture which extended over a period of time. The element of continuity thus exists.

Moreover, we do not believe that the statutory language of 26 U.S.C. § 5691(a) should be read to distinguish between wholesale dealers who sell to a single customer and those who sell to many customers. A wholesaler can profit as much by selling to one large buyer as he can by dealing with several smaller buyers.

AFFIRMED.