958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lee GIPSON, a/k/a Barry Lee Gipson a/k/a Barry Lee
Noble, Defendant-Appellant.
 No. 90-30398.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992*.
Decided March 17, 1992.
 
 Before BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Lee Gipson appeals the district court's revocation of his supervised release for violating the conditions of his release by possessing a firearm and failing to provide his probation officer with notice of a change of address. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court may revoke a defendant's term of supervised release and sentence the defendant to a term of incarceration if it finds by a preponderance of the evidence that the defendant violated a term of supervised release. 18 U.S.C. § 3583(e)(3); United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990). We review the district court's legal interpretation of the Sentencing Guidelines de novo, and its factual determinations for clear error. United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990) (citations omitted).
 
 
 4
 Gipson contends that the district court erred in revoking his term of supervised release because there was insufficient evidence to show that he possessed the gun or changed his address. We disagree.
 
 
 5
 Gipson's supervised release agreement contained the standard provision that he notify his probation officer within 72 hours of any change of address, and a specific provision prohibiting him from possessing a firearm or other dangerous weapon.
 
 
 6
 The district court based its finding that Gipson had violated the change of address provision on the testimony of an agent from the Bureau of Alcohol, Tobacco, and Firearms who interviewed Gipson on September 7, 1990. The agent testified that during the interview Gipson stated that he was living with his girlfriend at the residence at which he was interviewed. Gipson indicated that he had been living there for at least 72 hours. Because Gipson had not contacted his probation officer within 72 hours about this change of address, the district court did not err in finding that Gipson had violated a provision of his supervised release agreement. See id.
 
 
 7
 The district court also found that the government proved by a preponderance of the evidence that Gipson was in constructive possession of a 12-gauge sawed-off shotgun. We conclude that the district court did not commit clear error in this factual finding. See id.
 
 
 8
 "To prove constructive possession, the government must prove 'a sufficient nexus between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the substance.' " United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990) (quoting United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986). Mere proximity to the contraband, presence on the property on which the contraband is recovered or association with a person having actual possession of the contraband is insufficient proof of constructive possession. See United States v. Chambers, 918 F.2d 1455, 1459 (9th Cir.1990). Mere presence as a passenger in a car from which the police recover weapons does not establish possession. United States v. Soto, 779 F.2d 558, 561 (9th Cir.), amended, 793 F.2d 217 (9th Cir.1986), cert. denied, 484 U.S. 833 (1987). Thus, a passenger cannot be convicted unless there is evidence connecting him with the contraband, other than his mere presence in the car. United States v. Ramos, 476 F.2d 624, 625 (9th Cir.), cert. denied, 414 U.S. 836 (1973).
 
 
 9
 The district court based its decision not only on Gipson's presence in the vehicle with the shotgun, but also on evidence that Gipson's jacket was wrapped around the gun, as well as Gipson's close proximity to round of 12-gauge shotgun ammunition. The government introduced pictures of Gipson wearing the jacket, and the jacket appeared to fit Gipson when he tried it on at the hearing. Thus, there was evidence connecting Gipson with the weapon other than his mere presence in the car. See Ramos, 476 F.2d at 625; cf. Soto, 779 F.2d at 561. Given these circumstances, we cannot say that the district court clearly erred in finding Gipson in constructive possession of the firearm. See Terry, 911 F.2d at 278. Accordingly, we affirm.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3