995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glover JOHNSON, Defendant-Appellant.
 No. 91-50536.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1993.
Decided June 4, 1993.
 
 Before: SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Glover Johnson appeals his conviction for possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1) (1988). He contends he received ineffective assistance from his counsel at trial because his counsel did not object to the introduction of drug courier profile testimony by the arresting officers. He also contends the evidence was insufficient to support his conviction and his motion for acquittal was improperly denied. We have determined that the ineffective assistance of counsel question is ripe for review on direct appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * INEFFECTIVE ASSISTANCE OF COUNSEL
 
 
 4
 Generally, we prefer to review ineffective assistance of counsel claims in petitions for habeas corpus. However, we will address the merits of an ineffective assistance claim on direct appeal "if the record is sufficiently complete to allow us to decide the issue." United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991) (citations omitted). The record is sufficiently complete here.
 
 
 5
 The two arresting officers each testified that Johnson and his codefendant, Marilyn Hawkins, were stopped at Los Angeles International Airport because their suspicious actions fit a drug courier profile. Defense counsel did not object to the introduction of this testimony, either during trial or with a pretrial motion to suppress.
 
 
 6
 We have held that drug courier profile evidence is inadmissible as substantive evidence of guilt. See United States v. Lim, 984 F.2d 331, 334-35 (9th Cir.1993); United States v. Lui, 941 F.2d 844, 847 (9th Cir.1991); United States v. Beltran-Rios, 878 F.2d 1208, 1210 (9th Cir.1989). We will assume that defense counsel's failure to object to the profile testimony led the jury to treat it as substantive evidence of guilt. Johnson contends that his attorney's failure to object to this testimony was ineffective assistance of counsel.[1]
 
 
 7
 In order to show ineffective assistance of counsel, Johnson must show that his counsel's representation fell below an objective standard of reasonableness and that he was prejudiced by his counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). Because we conclude that Johnson suffered no prejudice due to his counsel's failure to object to the profile testimony, we need not decide whether that failure was ineffective assistance under Strickland.
 
 
 8
 In order to show prejudice, Johnson "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 
 
 9
 Although Johnson had no cocaine on his person when he and Hawkins were stopped, there was other evidence apart from the drug courier profile testimony that established Johnson had constructive possession of the two bags of cocaine carried by Hawkins. Johnson and Hawkins arrived in the same car and spoke to each other at least twice in the airport, yet denied knowing one another when questioned by the officers. When asked by Detective Gillespie whether she was carrying anything on her person, Hawkins appeared nervous and glanced at Johnson. Johnson looked startled when Hawkins was stopped by Gillespie. Johnson told Special Agent Wammack that he was from Chicago, but carried an Ohio identification card. Hawkins wore a belt with a "G" on the buckle, and Johnson's first name is Glover. The belt was too large to fit Hawkins, except that the bundles of cocaine on her waist made up the difference. Hawkins carried airline tickets in her purse that showed she and Johnson had traveled together to Los Angeles a few days before. Hawkins carried money wrappers matching money wrappers being carried by Johnson. Hawkins wore a bulky jacket that fit Johnson and matched a pair of pants found in his bag. Johnson carried in his bag an outfit that matched the shirt Hawkins was wearing.
 
 
 10
 The evidence apart from the profile testimony connecting Johnson to the cocaine carried by Hawkins is overwhelming. See Lim, 984 F.2d at 335 (admission of drug courier profile evidence harmless error although defendant was not carrying any drugs when arrested); Lui, 941 F.2d at 848 (admission of drug courier profile testimony harmless error in light of the overwhelming evidence of defendant's guilt). As discussed in Part II, the inescapable conclusion is that Johnson had constructive possession of the cocaine carried by Hawkins, and that he intended to distribute it. Admission of the drug courier profile testimony did not "materially affect the verdict," id. Nor is our confidence in the outcome undermined, Strickland, 466 U.S. at 694. Johnson was not prejudiced by his counsel's failure to object to the impermissible testimony.
 
 II
 
 11
 SUFFICIENCY OF THE EVIDENCE AND MOTION FOR ACQUITTAL
 
 
 12
 Johnson contends there was insufficient evidence to support the jury verdict, or alternatively that the district court erred in denying his Rule 29 motion for acquittal (Fed.R.Crim.P. 29(c)). Our review is the same in either case. United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), cert. denied, 111 S.Ct. 1072 (1991). The evidence is sufficient to support the conviction or the denial of a motion under Rule 29 based on insufficient evidence if, "reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see Mundi, 892 F.2d at 820.
 
 
 13
 The government contends that Johnson constructively possessed the cocaine carried by Hawkins. "In the absence of actual possession, constructive possession may be demonstrated if the defendant has the authority to dispose of the drug, either personally or through an agent, or if he is a participant in a joint venture, thereby sharing dominion and control over the drug with the other participants." United States v. Smith, 962 F.2d 923, 929 (9th Cir.1992) (citing United States v. Restrepo, 930 F.2d 705, 709-710 (9th Cir.1991)); see also United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986).
 
 
 14
 Johnson correctly points out that he may not be convicted for mere "association with the person who controls the drug." United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied 488 U.S. 943 (1988). Here, however, the evidence shows that Hawkins and Johnson were engaged in a joint enterprise. They arrived at the airport together, shared clothing and other items, and had traveled together before, yet both Johnson and Hawkins became nervous when confronted by the officers and denied knowing one another. The only plausible inference is that both Johnson and Hawkins had something to hide. That something was the cocaine Hawkins carried which she and Johnson jointly transported from Los Angeles to Chicago.
 
 
 15
 The nervous reactions, shared clothing and false statements distinguish this case from cases like United States v. Jones, 518 F.2d 64, 67 (9th Cir.1975), where there was "no direct evidence indicating that appellant knew" his companion had secreted contraband on her person before they returned from Mexico to the United States.
 
 
 16
 Our role in reviewing the sufficiency of evidence is to determine whether any rational trier of fact could have drawn the inference of a joint enterprise from the evidence at hand. See Jackson, 443 U.S. at 319. We are convinced that here the inference is proper.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Johnson was tried twice. The first trial ended in a hung jury, but the lawyer who represented Johnson in the first trial did not defend him in the retrial