108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael J. SMITH, Defendant-Appellant.
 No. 96-30200.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Smith appeals his jury conviction for possession of marijuana in violation of 21 U.S.C. § 844.[1] Smith contends that his conviction is not supported by sufficient evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 There is sufficient evidence to support Smith's conviction if "viewing the evidence in the light most favorable to the government and respecting the jury's ability to judge the credibility of the witnesses, resolve factual conflicts, and draw inferences, a rational jury could have found the elements of the crime beyond a reasonable doubt." United States v. Feldman, 853 F.2d 648, 654 (9th Cir.1988). "Possession of marijuana may be constructive rather than actual and such possession may support a conviction. Possession may be established by circumstantial evidence." United States v. Zumpano, 436 F.2d 535, 538 (9th Cir.1970) (citations omitted); see United States v. Ramos, 476 F.2d 624, 625 (9th Cir.1973).
 
 
 4
 Here, there was sufficient evidence to support Smith's conviction for possession of marijuana. Undercover Agent Pulliman testified that he saw Smith in the driver's seat of a car passing a cigarette back and forth with a passenger. Agent Greinke testified that when he approached the vehicle he saw a partially hand-rolled cigarette and smelled marijuana.[2] Agent Greinke further testified that when he searched the car he discovered thirteen hand-rolled cigarettes in the ashtray of the car. A chemist identified two of the thirteen cigarettes to be marijuana.
 
 
 5
 The jury could infer through circumstantial evidence that the partially smoked hand-rolled cigarette recovered from the car was the cigarette Agent Pulliman saw Smith smoking and that this cigarette was marijuana because it was similar to the thirteen hand-rolled cigarettes recovered from the car. See Zumpano, 436 F.2d at 538; Ramos, 476 F.2d at 625.
 
 
 6
 Accordingly, because there is sufficient evidence to sustain Smith's conviction for possession of marijuana we affirm. See Feldman, 853 F.2d at 654.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Smith does not appeal his concurrent conviction for being a minor in possession of alcohol
 
 
 [2]
 To the extent Smith contends that there is no evidence that the partially smoked cigarette was hand-rolled, his contention is not supported by the record. At trial, Agent Greinke identified exhibit one as a "portion of a hand-rolled cigarette" retrieved from the vehicle