122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Erika FRANCO-RAMIREZ, Defendant-Appellant.
 No. 96-50610.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 7, 1997.
Decided Aug. 26, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-96-00223-3-MLH; Marilyn L. Huff, District Judge, Presiding.
 BEFORE: BROWNING, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Erika Franco-Ramirez appeals her conviction for possession of marijuana with intent to distribute arguing that: (1) there was insufficient evidence to support her conviction; (2) the district court erred in admitting evidence of a prior conviction for marijuana possession under Fed. Rule of Evid. 404(b); and (3) the district court erred in failing to grant her requested four-level downward sentencing adjustment for minimal role under U.S.S.G. § 3B1.2. We affirm.
 
 I. FACTS
 
 3
 Franco-Ramirez was charged, along with seven codefendants, with conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846 & 841(a)(1) and possession of marijuana with intent to distribute and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. All seven codefendants pled guilty prior to trial. Following a trial, the jury returned a guilty verdict on Count 2 (possession of marijuana with intent to distribute and aiding and abetting), but was unable to reach a verdict on Count 1 (conspiracy to possess marijuana with intent to distribute). Franco-Ramirez was sentenced to forty months imprisonment and three years supervised release.
 
 
 4
 Franco-Ramirez was the backseat passenger in a car containing 133 pounds of marijuana with a street value of approximately $225,000. The marijuana sat, in large bundles wrapped in clear cellophane, on the seat beside her and in the hatchback behind her. There was a strong odor of marijuana, even from outside the car. Franco-Ramirez was in the vehicle when it was stopped by Border Patrol Agents who observed four backpackers loading large bundles into the car in an area know for drug trafficking. The marijuana was loaded through the passenger door into the back seat where Franco-Ramirez was seated, as well as through the rear hatchback.
 
 
 5
 When arrested, Franco-Ramirez gave a false name, falsely claimed to be a United States citizen and had no identification documents in her possession. Franco-Ramirez, as well as all other passengers, was carrying a pager. There was also a cellular phone in the car and a piece of paper showing how to evade Border Patrol checkpoints under the driver's seat.
 
 
 6
 One of Franco-Ramirez's codefendants testified that Franco-Ramirez had no knowledge that they were going to pick up a load of marijuana. Another codefendant testified, after pleading guilty, that Franco-Ramirez was not part of the agreement to commit the criminal enterprise and was only picked up as an afterthought. However, the codefendants admitted on cross-examination that they jointly concocted a story when they realized they were about to be arrested by the Border Patrol agents. Franco-Ramirez's codefendants admitted that she agreed to tell a false story and that she did not tell the truth when first questioned shortly after her arrest.
 
 
 7
 At trial, the government introduced evidence of Franco-Ramirez's prior conviction for possession of marijuana under Fed.R.Evid. 404(b).
 
 I. SUFFICIENCY OF THE EVIDENCE
 
 8
 This court will uphold a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of each element of the crime charged. United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.1996). In making this determination, the evidence and all inferences therefrom must be viewed in the light most favorable to the government. United States v. Taren-Palma, 997 F.2d 525, 536 (9th Cir.1993).
 
 
 9
 In order to prove possession with intent to distribute, the prosecution was required to prove that Franco-Ramirez knowingly possessed a controlled substance with the intent to distribute it. United States v. Ocamp, 937 F.2d 485, 488 (9th Cir.1991). There is no dispute that Franco-Ramirez knew that there were large quantities of marijuana on the seat beside her.
 
 
 10
 Franco-Ramirez argues that there was insufficient evidence from which the jury could conclude that she "possessed" the marijuana. In order to prove that Franco-Ramirez possessed the marijuana within the meaning of 21 U.S.C. § 841(a)(1), the government was required to prove that she exercised dominion and control over it. United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.1988). A passenger's dominion and control over narcotics may be actual or constructive, may be joint among several defendants, and may be proven by circumstantial or direct evidence. United States v. Chambers 918 F.2d 1445, 1457 (9th Cir.1990). Courts may examine all of the circumstances of a case to decide whether there is such a nexus or relationship between the defendant and the marijuana that it is reasonable to treat the extent of the defendant's dominion and control as if it were actual possession. United States v. Earl, 27 F.3d 423, 425 (9th Cir.1994). However, "a passenger may not be convicted unless there is evidence connecting him with the contraband, other than his presence in the vehicle." United States v. Sanchez-Mata, 925 F.2d 1166, 1169 (9th Cir.1990), citing United States v. Ramos, 476 F.2d 624, 625 (9th Cir.1973).
 
 
 11
 There was sufficient evidence from which the jury could determine that Franco-Ramirez exercised dominion and control over the marijuana. Franco-Ramirez was in an automobile that was clearly engaged in drug trafficking. There can be no doubt that Franco-Ramirez was aware of the drug-trafficking activity due to the very large quantity of marijuana seated next to her on the car seat, the fact that four men emerged from the bushes to place the large quantities of marijuana on the seat next to her and based upon the fact that she was familiar with marijuana as a narcotic substance. The drugs were not concealed from Franco-Ramirez's view. Rather, they were placed immediately beside her. In fact, in order for the large bundles of marijuana to have been placed next to her, they must have been passed over her. When she was arrested, Franco-Ramirez was in possession of a pager, had no identification, lied about her name and participated in a cover-up story.
 
 
 12
 Although testimony from Appellant's codefendants indicated that her involvement was only limited, the jury was entitled to grant that testimony limited or no weight in their deliberations. Indeed, the district court's comments at sentencing indicate that there were credibility issues with the witnesses that testified on Franco-Ramirez's behalf. At sentencing, the district court stated that:
 
 
 13
 [F]irst of all, one of the critical issues is credibility of witnesses, and the--the jury was free to disregard testimony that they did not find to be credible. I did not find the testimony of her friend to be credible in any respect....
 
 
 14
 Based upon the evidence presented at trial, the jury could have rationally concluded that Franco-Ramirez was intimately involved in a drug-trafficking enterprise and not an innocent passenger in a car and that she exercised dominion and control over the large bundle of marijuana seated beside her in the car. Franco-Ramirez could have attempted to exclude the marijuana's entry into the car or attempted to dispose of the marijuana. She did not do so. The jury rationally concluded that she exercised dominion and control over the bundle of marijuana seated beside and behind her in the car.
 
 
 15
 As proof that Franco-Ramirez had the intent to distribute the marijuana under 21 U.S.C. § 841, the government attempted to prove that she aided and abetted the distribution of marijuana. United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.1988). In order to prove that Franco-Ramirez aided and abetted the distribution of marijuana, the government had to prove not merely that she participated in a criminal venture, but that she associated with that venture and sought to make it successful. Id. at 838. An aider and abettor need not have participated in every phase of the criminal venture, be aware of all the details of the crime or know all the persons involved. United States v. Barnett, 667 F.2d 835, 841 (9th Cir.1982).
 
 
 16
 Franco-Ramirez argues that she did nothing to associate herself with the criminal venture, did not participate in it, and did not do anything to help it succeed. The jury could have rationally concluded otherwise based upon the facts presented at trial and described above. The jury could rationally have concluded from the foregoing facts that there was no innocent explanation for Franco-Ramirez's presence in a car engaged in drug trafficking and that her presence was intentional in order to assist in moving the large bundles of marijuana.
 
 
 17
 II. ADMISSION OF FRANCO-RAMIREZ'S PRIOR CONVICTION
 
 
 18
 This court reviews the admissibility of other bad acts under Fed. Rule of Evidence 404(b) for an abuse of discretion. United States v. Miranda, 986 F.2d 1283, 1285 (9th Cir.1993). At trial, the district court admitted evidence of Franco-Ramirez's prior conviction for possession of marijuana. To be admissible under Rule 404(b), evidence of a prior conviction must: (1) prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time. United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990). Finally, the court must analyze whether the evidence's probative value outweighs its prejudicial effect under Rule 403. Id.
 
 
 19
 Franco-Ramirez's prior conviction is based upon on incident in April, 1995 when she attempted to drive a station wagon containing approximately 40 pounds of marijuana concealed in hidden compartments from Mexico into the United States. Franco-Ramirez entered a plea of guilty to misdemeanor possession and was sentenced to three years supervised probation with special conditions.
 
 
 20
 Admission of Franco-Ramirez's prior conviction satisfies all four prongs of the test for admissibility under Rule 404(b): (1) the evidence was admissible to show knowledge, a material element of the offense; (2) the offenses were similar; (3) evidence was presented through testimony from the officer who stopped Franco-Ramirez, as well as by certified copy of the judgment and commitment order; and (4) the prior conviction occurred within one year of the charged offense.
 
 
 21
 The district court admitted Franco-Ramirez's prior conviction to prove knowledge.[1] At trial, Franco-Ramirez denied that she knew of the plan to pick up the marijuana. As in United States v. Arambula-Ruiz, 987 F.2d 599 (9th Cir.1993), "the fact that [Franco-Ramirez] had been convicted of possessing [marijuana] certainly made the existence of [her] knowledge regarding the current [marijuana] sale more probable than not. It helped disprove [Franco-Ramirez's] contention that [she] was merely an innocent bystander, and tended to show that [she] was aware of the [marijuana] transaction." Id. at 603. To a large extent, Franco-Ramirez's defense was that she was merely an innocent bystander whose friends picked her up to go for a ride. Although it is unclear whether she explicitly denied knowledge that they were engaging in a criminal enterprise, her knowledge that they were doing so was relevant to prove that she aided and abetted their activity. To that end, knowledge was relevant to disprove her contention that she was not aware of what was going on and that she was uninvolved and unaware of the criminal venture. Further, absent admission of the prior conviction, the government would not have been able to proffer evidence that Franco-Ramirez knew that the substance sitting beside her was in fact marijuana. The defense's contention that they would not deny knowledge is meaningless where the defendant does not intend to testify. Knowledge is an element of the prosecution's case-in-chief under 21 U.S.C. § 841(a)(1) which they are required to prove with substantive evidence.
 
 
 22
 Nonetheless, evidence which is otherwise admissible under Rule 404(b) must "undergo the probative-prejudice balancing required under Rule 403 and may be excluded if the jury is likely to be confused or misled." United States v. Perkins, 937 F.2d 1397, 1401 (9th Cir.1991). In Franco-Ramirez's case, evidence of her past drug trafficking activity was probative to rebut her allegation of lack of knowledge. The district court was extremely careful to limit any prejudice which might result from the admission of evidence of her prior conviction by giving a limiting instruction when the evidence was admitted and again when the jury was instructed. The district court did not abuse its discretion in admitting the evidence under Rule 403 or Rule 404(b) and properly denied Franco-Ramirez's motion for a new trial.
 
 III. MINIMAL/MINOR ROLE ADJUSTMENT
 
 23
 The district court's decision to deny a defendant minor role or minimal participant status is heavily dependent upon the facts of the particular case and is reviewed for clear error. U.S.S.G. § 3B1.2; United States v. Pinkney, 15 F.3d 825, 827 (9th Cir.1994). In determining whether Franco-Ramirez is entitled to an adjustment under § 3B1.2, the district court must assess Franco-Ramirez's conduct in the context of that of her codefendants and determine whether her conduct was not substantially less culpable than the average codefendant. U.S.S.G. § 3B1.2, comment. (backg'd.) (emphasis added). See also United States v. Petti, 973 F.2d 1441 (9th Cir.1992) (minimal participant status judged in relation to codefendants); United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994) (minor role status judged in relation to codefendants). The determination whether to grant an adjustment under § 3B1.2, is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 (backg'd).
 
 
 24
 "[T]he guidelines did not intend for every defendant who was less culpable than his codefendants to be granted minor participant status." United States v. Andrus, 925 F.2d 335, 337 (9th Cir.1991). "[M]erely being less culpable than one's co-participants does not automatically result in minor status." Id. at 338. See also United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994).
 
 
 25
 In denying Franco-Ramirez a downward adjustment under § 3B1.2, the district court stated that it was "not inclined to give any [adjustment] for role. I've heard all the trial testimony at trial. The Court declines to find a minor participant or minimal participant." Like the jury, the court was entitled to disregard the testimony of Franco-Ramirez's codefendants in determining the role she played in the offense. The record indicates that the court found those witnesses to lack credibility. The district court was also entitled to reject Franco-Ramirez's argument that she was merely a passenger in the car who played no role in the offense. Franco-Ramirez was in a car that was engaged in drug trafficking, in possession of a pager, lied about her identity, possessed no identification, and concocted a false story with her codefendants to tell the police when they were arrested. In finding that Franco-Ramirez's codefendants' testimony lacking in credibility and in finding that the facts supported a finding that she did not play a minor or minimal role in the offense, the district court did not commit clear error.
 
 
 26
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Rule 404(b) provides that: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." Fed.R.Evid. 404(b)