**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Zeferino ORDUNO–AGUILERA,**
**Defendant–Appellant.**

No. 98–50346.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1999.

Filed July 19, 1999.

Benjamin L. Coleman, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Sam T. Liccardo, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: D. W. NELSON, REINHARDT and TROTT, Circuit Judges.

TROTT, Circuit Judge:

Zeferino Orduno–Aguilera appeals his jury convictions for importing anabolic steroids in violation of 21 U.S.C. §§ 952, 960 and possessing anabolic steroids with intent to distribute in violation of 21 U.S.C. § 841. We have jurisdiction pursuant to 28 U.S.C. § 1291, and because (1) the substances with which he was charged were only esters, i.e., salts of anabolic steroids, and (2) the government offered no evidence that the substances promote muscle growth as required by the statute, we reverse for insufficient evidence.

# I

## Background

Orduno–Aguilera was attempting to enter the United States through the San Ysidro, California Port of Entry when custom inspectors searched his Toyota Tercel. Underneath the rear seat, in hidden compartments within both of the doors and in the trunk, the inspectors found small boxes containing over 400 vials of liquid. Orduno–Aguilera was subsequently indicted on two counts: importation of and possession with intent to distribute anabolic steroids, a Schedule III Controlled Substance, in violation of 21 U.S.C. §§ 841, 952, 960.

At trial, the government offered the testimony of Wisen Maroge, a forensic chemist with eleven years of experience working for the Drug Enforcement Administration ("DEA"). During voir dire, he admitted he did not have any expertise in determining the physiological effects of any chemical substance on the human body, and that he was just a chemist. Maroge testified that he analyzed the substances seized and determined that the vials contained testosterone propionate, boldenone undecylenate, and testosterone enanthate. Over defense counsel's objection, he further testified that these chemicals were anabolic steroids.

On cross-examination, however, defense counsel established that (1) the chemicals testosterone propionate and testosterone enanthate are actually ester derivatives [1] of the drug testosterone and (2) that boldenone undecylenate is an ester derivative of the drug boldenone. Defense counsel further established that Maroge's sole basis for determining that the drugs in question were anabolic steroids was the fact that they tested positive as ester derivatives of testosterone and boldenone.

At the close of evidence, the defense moved under Rule 29 for an acquittal on the basis that the Government failed to prove beyond a reasonable doubt that the substances involved in the case were anabolic steroids. The judge denied the motion; the case went to the jury; and Orduno–Aguilera was convicted on both counts.

# II

## Standard of Review

"There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nelson*, 137 F.3d 1094, 1103 (9th Cir.1998) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Because Orduno–Aguilera properly preserved this issue by making a motion for an acquittal after the close of all evidence, this court's standard

---

1. "Ester" was defined at trial simply as "an inorganic—it's called a salt."

of review is the same as that of the district court's denial of that motion. *United States v. Bahena–Cardenas,* 70 F.3d 1071, 1072–73 (9th Cir.1995). We review de novo. *Id.* at 1072.

## III

### Sufficiency of Evidence

Orduno–Aguilera argues that the Government failed to prove the substances in question are anabolic steroids because it failed to provide any evidence that the substances in question satisfied the statutory definition. The statutory definition provides:

> The term "anabolic steroid" means any drug or hormonal substance, chemically and pharmacologically related to testosterone (other than estrogens, progestins, and corticosteroids) that promotes muscle growth, and includes-
>
> (i) boldenone,
>
> . . .
>
> (xxvi) testosterone,
>
> . . . and
>
> (xxviii) any salt, ester, or isomer of a drug or substance described or listed in this paragraph, *if that salt, ester, or isomer promotes muscle growth.*

21 U.S.C. § 802(41)(A) (West Supp.1999) (emphasis added).

█ Orduno–Aguilera argues that, because the Government failed to provide any evidence that the ester derivatives in question promote muscle growth, there was insufficient evidence to uphold the conviction. We agree.

█ The Due Process Clause requires the Government to prove all facts necessary to convict a defendant beyond a reasonable doubt. This matter was resolved in *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), in which the Court held, "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with

which he is charged." *Id.* at 364, 90 S.Ct. 1068.

The importance of this ruling was recently reaffirmed in *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), in which the Court, while addressing the distinction between elements of the offense and sentencing factors, reiterated that every element of the offense "must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt." *Id.* 119 S.Ct. at 1219.

█ In this case, the jury was properly instructed that the elements of the offense for unlawful importation were that: (1) the defendant intentionally brought anabolic steroids into the United States; and (2) the defendant knew that they were anabolic steroids or some other prohibited drug. Similarly, the elements required to convict on the count for possession with intent to distribute were that (1) the defendant knowingly possessed anabolic steroids; and (2) the defendant possessed them with intent to deliver them to another person.

█ The Government had the burden of proving, beyond a reasonable doubt, that the substances in question were "anabolic steroids." Yet the Government failed to offer adequate evidence that the substance met the statutory definition. The statute specifically states that only certain types of ester derivatives of boldenone and testosterone-those that promote muscle growth-meet its definition of anabolic steroids. The language of the definition necessarily implies that there may be other types of ester derivatives-those that do not promote muscle growth-that are not prohibited under the statute. There was no evidence admitted that even purported to prove that the substances imported and possessed by Orduno–Aguilera promote muscle growth. The chemist, Wisen Maroge, could offer nothing on this issue. Because this fact is a necessary element of the statutory definition of anabolic steroids, which is in turn a necessary element

of the offense, failure to offer this evidence resulted in insufficient evidence to sustain the jury's verdict.

In an effort to uphold the conviction, the Government argues that it was not required to provide scientific testimony or other forms of direct testimony to prove that the drugs were anabolic steroids. It argues that the circumstantial evidence in the case is sufficient, pointing out the clandestine nature with which Orduno–Aguilera attempted to bring the drugs across the border and the fact that there was a distributable quantity of the drugs.

■ It is true that "[c]ircumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Montgomery*, 150 F.3d 983, 1001 (9th Cir.1998) (citation omitted). Furthermore, we agree with the Sixth Circuit that the allowance of circumstantial evidence recognizes the practical impossibility of providing direct evidence in many contexts, particularly drug cases:

> an evidentiary rule [requiring scientific analysis to identify drugs] ... would insulate from prosecution a large class of unlawful acts involving illicit drugs when the government happens upon the scene too late to seize a sample of the substance. To our knowledge, no court has held that scientific identification of a substance is an absolute prerequisite to conviction for a drug-related offense, and we too are unwilling to announce such a rule.

*United States v. Schrock*, 855 F.2d 327, 334 (6th Cir.1988).

■ However, while circumstantial evidence, combined with reasonable inferences, may be enough, this does not relieve the Government of its burden to prove every fact necessary to convict a defendant beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364, 90 S.Ct. 1068. The clandestine nature of the transporting of the vials of liquid, along with the quantity involved, is susceptible to a number of inferences, including a desire to avoid customs duty. It is not enough by itself to supply the missing evidentiary link.

There is simply no evidence, circumstantial or otherwise, that would allow the jury to infer the muscle-promoting potential of the drugs seized. Absent such evidence, the conviction cannot be sustained.

REVERSED.