**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Elijah BUTLER, Defendant—Appellant.**

No. 01–50052.

D.C. No. CR–96–00035–RT–1.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2004.*

Decided Aug. 24, 2005.

Timothy J. Searight, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Elijah Butler, Federal Correctional Institution, Big Spring, TX, for Defendant–Appellant.

Before O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## ORDER and MEMORANDUM**

The panel has voted to grant the petition for panel rehearing.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R.App. P. 35.

The petition for panel rehearing is granted and the petition for rehearing en banc is denied.

The Memorandum Disposition filed April 26, 2004, is **WITHDRAWN** and replaced with the following Memorandum Disposition:

Elijah Butler appeals from his jury trial conviction and sentence for conspiracy and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the conviction and remand the sentence.

■ Butler contends that the district court abused its discretion when it denied his motion for a mistrial (and, in the alternative, to dismiss a juror) which Butler made after a juror revealed to the court that she was robbed at gunpoint one night during her jury service. We disagree. The district court investigated the incident, and carefully questioned the affected juror as well as the other jurors with whom she had discussed the incident. *See Dyer v. Calderon,* 151 F.3d 970, 974 (9th Cir.1998) (en banc) (stating that "[a] court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances"). The court's finding that each of these jurors was unbiased was not clearly erroneous, and it did not abuse its discretion in denying both the motion for a mistrial and

the motion to have the affected juror removed from the case. *See United States v. Ross,* 886 F.2d 264, 267 (9th Cir.1989) (holding that the district court did not err in failing to discharge a juror or declare a mistrial, and noting that the trial judge is in the "best position" to make such judgments).

■ Butler next argues that the district court plainly erred by constructively amending Count II of the indictment because its instruction on that charge did not include the date of the offense or the amount of drugs involved. We are not persuaded.

The court's instruction on Count II contained all the essential elements necessary to prove a violation of 21 U.S.C. § 841(a)(1). *See United States v. Orduno–Aguilera,* 183 F.3d 1138, 1140 (9th Cir. 1999). The failure to include surplusage from an indictment in an instruction is not error because only the essential elements of a charge need to be proved at trial. *See United States v. Pang,* 362 F.3d 1187, 1194 (9th Cir.2004).

We remand the sentence for further proceedings consistent with *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

The conviction is **AFFIRMED** and the sentence is **REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.