UNITED STATES of America,
Plaintiff–Appellee,

v.

Biviano REYES–PONCE,
Defendant–Appellant.

No. 05–30510.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2007.

Filed Feb. 28, 2007.

Michael Dion, Esq., Office of the U.S. Attorney, Tacoma, WA, Jeffrey B. Coopersmith, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Keith A. MacFie, Esq., Daly & Macfie, Tacoma, WA, for Defendant–Appellant.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM *

Defendant Biviano Reyes–Ponce appeals his convictions for (1) conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) aiding and abetting the possession of narcotics with the intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); and (3) possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Reyes–Ponce argues that the district court erred in denying his motion for acquittal under Fed.R.Crim.P. 29 on the basis of insufficient evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

We review de novo a defendant's challenge to the sufficiency of the evidence where, as here, the challenge was properly raised before the district court. *See United States v. Pearson,* 391 F.3d 1072, 1075 (9th Cir.2004). There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Stewart,* 420 F.3d 1007, 1014–15 (9th Cir.2005).

1. To prove a conspiracy, the government must establish "(1) an agreement to accomplish an illegal objective, (2) coupled with one or more acts in furtherance of the illegal purpose, and (3) the requisite intent necessary to commit the underlying substantive offense." *United States v. Penagos,* 823 F.2d 346, 348 (9th Cir.1987). Also, "the government must present sufficient evidence to demonstrate ... an agreement to engage in the specific criminal activity charged in the indictment." *United States v. Garcia,* 151 F.3d 1243, 1245 (9th Cir.1998). Once a conspiracy is established, the government can prove a defendant's "knowing participation" with evidence of the defendant's "connection with the conspiracy." *United States v. Delgado,* 357 F.3d 1061, 1066 (9th Cir. 2004).

■ The evidence showed that Reyes–Ponce participated in and acted in furtherance of an attempted drug deal involving his four co-defendants and a police informant. In addition to the circumstantial evidence that he acted as an armed lookout or bodyguard during the deal, Reyes–Ponce admitted that he had been promised $100 to protect one of his co-defendants during "the deal." Reyes–Ponce argues, however, that the Government presented no evidence that he knew that his co-defendants were involved in a *drug* deal, as opposed to some other illegal transaction.

We find this argument unpersuasive. Although Reyes–Ponce only admitted to knowing about "the deal," the jury could have reasonably inferred that he was referring to "the drug deal," since he was responding to questions and allegations re-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. Although Reyes–Ponce challenges the sufficiency of the evidence only for his two drug convictions, there would necessarily be insufficient evidence to support his conviction for possessing a firearm during a drug trafficking crime if he were acquitted of the drug charges. Because we affirm Reyes–Ponce's drug convictions, and he does not otherwise challenge his firearm conviction, we affirm that conviction as well.

garding drugs.[2] Also, Reyes–Ponce was observed conversing with his co-defendants shortly before the attempted drug deal, and DEA agents found the phone number for the co-defendant who possessed and transported the drugs in Reyes–Ponce's wallet when they arrested him. Thus, there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Reyes–Ponce knowingly agreed and intended to participate in a conspiracy to distribute drugs. We therefore affirm his conspiracy conviction.

2. A conviction for aiding and abetting requires the Government to prove: "(1) that the accused had the specific intent to facilitate the commission of a crime by another, (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying substantive offense, and (4) that someone committed the underlying substantive offense." *Delgado*, 357 F.3d at 1065–66 (internal quotation marks omitted).

▉ Here, the evidence showed that one of Reyes–Ponce's co-defendants committed the underlying substantive offense: he "knowingly possessed" the drugs "with intent to deliver them to another person." *United States v. Orduno–Aguilera*, 183 F.3d 1138, 1140 (9th Cir.1999). Reyes–Ponce argues, however, that the Government did not establish that he knowingly aided and abetted this specific crime, a necessary condition to satisfy the specific intent element. *See Delgado*, 357 F.3d at 1068 (holding that, to have the requisite intent, the defendant "needed to know that he was assisting [his co-defendant] to commit the crime of possession with intent to distribute methamphetamine").

For the reasons discussed above, we conclude that there was sufficient circumstantial evidence that Reyes–Ponce knew his co-defendant possessed narcotics with the intent to distribute.

**AFFIRMED.**

---

2. Reyes–Ponce admitted to providing protection during "the deal" after DEA agents asked him about "the drug deal" and told him that they had seized drugs from his co-defendant.