**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Aaron HABBEN, aka: Robert Johnston, Robert Jones, Aaron A. Haughban, Justin Lee Holmes, Austin Smith, Jason Habben, Justin Carson, Jason Hadden, Martin Flaherty, Austin Jones, Robert Johnson, Defendant–Appellant.**

No. 06–10083.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 15, 2007.

Filed Dec. 11, 2007.

Elizabeth R. Berenguer, Esq., Office of the U.S. Attorney Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Dan H. Cooper, Esq., Cooper and Udall, S. Jonathan Young, Esq., Law Offices of Williamson and Young, P.C., Tucson, AZ, for Defendant–Appellant.

Before: WALLACE and RAWLINSON, Circuit Judges, and RESTANI,* Judge.

### MEMORANDUM **

Defendant–Appellant Aaron Habben ("Habben") challenges his conviction and sentence for various crimes related to the possession and distribution of anabolic steroids on the grounds that evidence was improperly admitted at trial, that there was insufficient evidence to support the jury verdicts, and that the district court improperly calculated the base level of the sentence. We affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Whether evidence was properly admitted at trial is reviewed for abuse of discretion. *United States v. Benny*, 786 F.2d 1410, 1419 (9th Cir.1986). Claims not raised before the district court are deemed waived, or limited to review for plain error. *See United States v. Quintana–Torres*, 235 F.3d 1197, 1199 (9th Cir.2000); Fed.R.Evid. 103(d). Whether the evidence is sufficient to support a conviction is reviewed *de novo*. *United States v. Shipsey*, 363 F.3d 962, 971 n. 8 (9th

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Cir.2004). The district court's factual findings, including factual determinations for sentencing purposes, are reviewed for clear error. *See United States v. Fox,* 189 F.3d 1115, 1119 (9th Cir.1999).

■ Habben's challenge under 18 U.S.C. §§ 2510–22 (2000) to the admissibility of evidence obtained from recordings of his phone calls from prison fails because the recordings fall within the statute's consent exception and the district court did not abuse its discretion in admitting them. *See United States v. Van Poyck,* 77 F.3d 285, 290–92 (9th Cir.1996). Habben impliedly consented to monitoring by using the phones when he had been informed of the prison phone policies, each phone contained a sign stating that calls were monitored and recorded, and he clearly acknowledged his awareness of the surveillance.

■ The district court also did not abuse its discretion in admitting evidence obtained from two searches of Habben's garbage. At trial, the government presented testimony that the garbage was abandoned outside of the boundaries of Habben's home. The district court therefore properly determined that Habben had no legitimate expectation of privacy in the contents of the garbage. *See United States v. Dela Espriella,* 781 F.2d 1432, 1437 (9th Cir.1986).

■ Habben argues that the contents of two drug reference manuals seized from his home were improperly admitted for the purpose of showing that the unlisted steroid esters promoted muscle growth, as required by the applicable version of 21 U.S.C. § 802(41) (2000).[1] Because Habben did not object to the admission of the manuals into evidence, or move to limit or strike their use, our review is limited to plain error. Fed.R.Evid. 103(d). It is not plain error for a jury to consider evidence that is admitted without objection and without a motion to limit or exclude its use for certain purposes. *United States v. Jamerson,* 549 F.2d 1263, 1266–67 (9th Cir.1977). Therefore, the district court did not plainly err in allowing the drug reference manuals to be considered for all purposes. *See id.*

■ Relying on *United States v. Orduno–Aguilera,* 183 F.3d 1138 (9th Cir.1999), and the evidentiary challenges above, Habben argues that there was not sufficient evidence showing that the unlisted esters promoted muscle growth to support his possession and conspiracy convictions.[2] *Orduno–Aguilera* reversed steroid convictions where the government provided no evidence "that even purported to prove that the [unlisted] substances ... promote[d] muscle growth." *Id.* at 1140. Such is not the case here. The district court properly determined that there was sufficient circumstantial evidence, including the drug reference manuals, electronic product listings, Habben's emails and statements regarding the products, and written instructions on the use of the prod-

---

1. The statute was amended in 2004 to eliminate the requirement that unlisted steroid salts, esters, or isomers must be shown to promote muscle growth. *See* 21 U.S.C. § 802(41)(A) (2004); *see also* Anabolic Steroid Control Act of 2004, Pub.L. No. 108–358 § 2(a), 118 Stat. 1661, 1661–63 (Oct. 22, 2004).

2. At the close of evidence, Habben's counsel made a Rule 29 motion with respect to Counts One through Four of the indictment. (*See* Trial Tr. 199–215, Sept. 28, 2005, *available at* EOR 254–70.)

ucts, for the jury to find that the unlisted esters promoted muscle growth. Habben's challenge therefore fails.

■ Because Habben's Rule 29 motion did not include a challenge to the sufficiency of the evidence supporting the money laundering charges, (see Trial Tr. 199–215, Sept. 28, 2005, *available at* EOR 254–70), such objection now raised is deemed waived, or limited to review for plain error. *See Quintana–Torres*, 235 F.3d at 1199; Fed.R.Evid. 103(d). The district court did not plainly err in determining that the evidence was sufficient to support the money laundering charges because the government was required to show only that the transactions in question involved illegal proceeds, even if the funds were commingled with funds from legal sources. *United States v. Marbella*, 73 F.3d 1508, 1515–16 (9th Cir.1996). In addition, the government provided sufficient evidence to show that the transactions involved proceeds from the illegal distribution of both the listed and unlisted substances, as discussed above. Therefore, the district court did not plainly err in allowing the jury to consider the money laundering charges.

■ Finally, Habben claims that the district court clearly erred in imposing his sentence on the grounds that the presentence investigation report "double-counted" historical sales for the purpose of calculating the sentencing base level. The district court, however, made an independent determination of the unit doses involved and imposed Habben's sentence based on factual findings falling well within the range of quantities determined by the jury. (*See* Trial Tr. 23, Jan. 27, 2006, *available at* EOR 304.) Therefore, the court did not clearly err in calculating Habben's sentence.

Accordingly, the judgment of conviction and the sentence are AFFIRMED.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.