MEMORANDUM **
Raymond Garcia appeals his conviction for possession of methamphetamine with intent to distribute and conspiracy to distribute a controlled substance. Garcia challenges the district court’s denial of his two suppression motions and the sufficiency of the evidence.
Garcia first argues that the district court should have suppressed the drugs obtained from the car because they were the fruit of an unreasonable stop. We disagree; the district court appropriately determined that no suppression was necessary because the stop was at all times reasonable.
The stop was reasonable at its inception because the officer noted the traffic violation of incorrect taillights. Officers may temporarily detain an automobile where they have probable cause of a traffic violation. See Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); Nev.Rev.Stat. 484.551, 484.555, and 484.557. At the time Garcia consented to the search of the vehicle, the continued detention remained reasonable under the totality of the circumstances because the officer only asked ten minutes’ worth of questions related to the stop before obtaining the consent to search. See United States v. Turvin, 517 F.3d 1097, 1101-02 (9th Cir.2008); United States v. Chavez-Valenzuela, 268 F.3d 719, 724 n. 4 (9th Cir.2001), as amended by 279 F.3d 1062 (9th Cir.2002), abrogated on other grounds by Muehler v. Mena, 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005), as recognized in United States v. Mendez, 476 F.3d 1077, 1080 (9th Cir.2007). At the point Garcia revoked his consent to search, the police had probable cause to arrest him based on the information derived from the wiretaps and the consensual search. See Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Because the seizure of Garcia was never unreasonable, the district court properly denied his motion to suppress physical evidence.
Garcia next argues that the district court erred when it denied his motion to suppress statements made to the officer transporting him. The district court properly denied Garcia’s motion to suppress his statements because “not every question posed in a custodial setting is equivalent to ‘interrogation.’” United States v. Booth, 669 F.2d 1231, 1237 (9th Cir.1981). A reasonable officer would not have foreseen that merely asking Garcia to repeat him *634 self would elicit an incriminating response. See Rhode Island v. Innis, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).
Finally, Garcia contends there was insufficient evidence to support his convictions for possession of methamphetamine with the intent to distribute and conspiracy. To sustain a conviction for possession with intent to distribute, the government had to prove that “(1) the defendant knowingly possessed [a controlled substance]; and (2) the defendant possessed [it] with intent to deliver [it] to another person.” United States v. Orduno-Aguilera, 183 F.3d 1138, 1140 (9th Cir.1999). The government did not need to prove that Garcia knew he possessed methamphetamine, only that he knew he possessed some type of controlled substance. See United States v. Carranza, 289 F.3d 634, 644 (9th Cir.2002). For conspiracy to distribute, the government had to prove “1) an agreement to accomplish an illegal objective; and 2) the intent to commit the underlying offense.” United States v. Iriarte-Ortega, 113 F.3d 1022, 1024 (9th Cir.1997).
In this case, the jury heard testimony that Garcia owned the Lincoln, that he drove it from Tijuana to Las Vegas with at least two other men in the ear, that there was no luggage in the car, that there was an extra fuel container in the trunk, that Garcia became nervous when the officer that stopped him began investigating the car’s fuel tank, and that officers discovered over 9000 grams of methamphetamine concealed in the fuel tank. The officer that stopped Garcia also testified that the Lincoln normally would have had a large fuel capacity, but since a significant portion of the fuel tank was filled with drugs, extra fuel would have been necessary. The government also presented evidence that a Las Vegas drug trafficking organization was expecting a shipment of methamphetamine from Mexico or California to arrive by vehicle on the day Garcia was stopped. Finally, the jury heard testimony that Garcia had stated that he was paid $600 to bring marijuana to Las Vegas.
From this evidence a reasonable fact-finder could conclude that Garcia knew he was carrying a controlled substance and that he was doing so in agreement with other people. See United States v. Tavakkoly, 238 F.3d 1062, 1067 (9th Cir.2001); United States v. Perlaza, 439 F.3d 1149, 1175 (9th Cir.2006). Therefore, the district court correctly determined that there was sufficient evidence to sustain the conviction.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.