**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. RICHARD ALAN KING, aka William Wallace Keegan, aka Richard King, Defendant - Appellant. | Nos. 10-10005 12-10622 D.C. No. 2:08-cr-00045-SRB-1 MEMORANDUM[*] |

Appeals from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted May 12, 2014[**]
San Francisco, California

Before:  GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Defendant Richard Alan King, appearing pro se, timely appeals his

conviction by a jury on four counts of Possession with the Intent to Distribute Five

Kilograms or More of Cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii);

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes these cases are suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

one count of Conspiracy to Possess with the Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), 846; and one count of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A), (h).  We affirm.

1.     On de novo review, United States v. Hantzis, 625 F.3d 575, 579 (9th Cir. 2010), we conclude that Defendant knowingly and intelligently invoked his right of self-representation under Faretta v. California, 422 U.S. 806, 835 (1975).  The district court was not required to follow a particular script, Hantzis, 625 F.3d at 579, and a waiver will not be deemed invalid simply because the district court failed to engage in the proper colloquy, United States v. Gerritsen, 571 F.3d 1001, 1008 (9th Cir. 2009).  This is one of the rare cases where, by "consult[ing] the particular facts and circumstances surrounding [the] case, including the background, experience and conduct of the accused," id. (internal quotation marks omitted), we are able to determine that the waiver was knowing and intelligent in the absence of a full Faretta colloquy.

Defendant contends that the district court erred when it granted the Government's motion under Federal Rule of Appellate Procedure 10(e) to supplement the record with transcripts of jailhouse recordings.  We do not reach this question.  Even excluding these transcripts, the record shows that, at both

times Defendant invoked his right to self-representation, he understood: "1) the nature of the charges against him, 2) the possible penalties, and 3) the dangers and disadvantages of self-representation." Hantzis, 625 F.3d at 579–80 (internal quotation marks omitted). With respect to Defendant's first Faretta waiver, the district court conducted two colloquies on the danger of self-representation, and Defendant's pleadings and participation in the litigation before his waiver, particularly at his final pretrial conference and in his objections to a continuance, demonstrated that he was aware of the nature of the charges against him and the possible penalties. With respect to Defendant's second Faretta waiver, the district court engaged in an additional colloquy with respect to the dangers and disadvantages of self-representation, and Defendant's extensive pleadings, discussions, and participation in the litigation demonstrate concretely that he was aware of the nature of the charges and possible penalties. See Gerritsen, 571 F.3d at 1008 ("Our focus should be on what the defendant understood, rather than what the court said or understood." (internal quotation marks omitted)).

2.    The motion to suppress was properly denied. We review the probable cause determination for clear error, United States v. Tan Duc Nguyen, 673 F.3d 1259, 1263 (9th Cir. 2012), and find none. Agent Egan relied on numerous sources as a foundation for the facts in the affidavit, including, but not limited to,

3

an audio recording of the sale.  Moreover, an undercover agent negotiated and conducted the sale with Defendant.  See Garcia v. County of Merced, 639 F.3d 1206, 1211 (9th Cir. 2011) ("An officer's statement that he witnessed a suspect knowingly take possession of a controlled substance establishes probable cause.").

3.      Considering the evidence in the light most favorable to the prosecution, United States v. Nevils, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc), a rational trier of fact could have found beyond a reasonable doubt that Defendant possessed cocaine on the dates charged, Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Defendant contends that the prosecution failed to offer sufficient evidence of a conspiracy between 2007 and 2008.  But a witness testified that he and Defendant began receiving shipments of cocaine and sending packages of money in early 2007, that Defendant had asked him to send 20 such shipments over the course of 2007, and that he was asked to participate in a specific drug transaction in December of 2007 or January of 2008.  Moreover, the prosecution presented circumstantial evidence that the packages mailed to Defendant during that time period contained cocaine, United States v. Orduno-Aguilera, 183 F.3d 1138, 1141 (9th Cir. 1999), and that Defendant exercised dominion and control over the packages, United States v. Ocampo, 937 F.2d 485, 488–89 (9th Cir. 1991).

4

4. Defendant failed to raise his venue challenge before the district court and it is therefore waived. See United States v. Powell, 498 F.2d 890, 891–92 (9th Cir. 1974) (holding that venue can be waived); see also O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) (holding that arguments not raised before the district court generally are waived).

5. Assuming without deciding that the evidence of fingerprint scarring was "bad act" evidence, it was admissible for the limited purpose of establishing knowledge and intent. United States v. Ramirez-Jiminez, 967 F.2d 1321, 1325–26 (9th Cir. 1992). Because Defendant failed to object to admission of fingerprint-scarring evidence and, in fact, stipulated to its admission, we review for plain error. United States v. Khan, 993 F.2d 1368, 1376 (9th Cir. 1993). The district court did not plainly err in admitting evidence of Defendant's fingerprint scarring, because evidence showing intentional concealment of identity is relevant to guilty knowledge. United States v. Birges, 723 F.2d 666, 672 (9th Cir. 1984). The district court limited admission of the evidence to concealment of identity only, and the prosecutor relied on the evidence to prove Defendant's intent to conceal his identity for the crimes charged.

6. The district court did not abuse its discretion in excluding the

"Johnny" report. United States v. Pena-Gutierrez, 222 F.3d 1080, 1086 n.3 (9th Cir. 2000). Defendant offered the report to prove the truth of the matter asserted, a use squarely barred by the ban on hearsay. Anderson v. United States, 417 U.S. 211, 219 (1974). Defendant was not denied presentation of a third-party defense, United States v. Stever, 603 F.3d 747, 757 (9th Cir. 2010), because he was still able to rely on the report to cross-examine witnesses at trial. Also, because Defendant was able to present the document as impeachment evidence before the jury, there was no prejudice to support an alleged violation under Brady v. Maryland, 373 U.S. 83 (1963). See Cunningham v. Wong, 704 F.3d 1143, 1153–54 (9th Cir.) (requiring, in a three-part conjunctive test, proof that "the government's suppression prejudiced the defendant"), cert. denied, 134 S. Ct. 169 (2013); United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991) ("When a defendant has the opportunity to present impeaching evidence to the jury, as [Defendant] did here, there is no prejudice in the preparation of his defense.").

7.     Considering the evidence in the light most favorable to the prosecution, Nevils, 598 F.3d at 1163–64, any rational trier of fact could have found beyond a reasonable doubt that Defendant formed a conspiracy, Jackson, 443 U.S. at 319. Defendant's co-conspirator testified at trial that he had formed a conspiracy with Defendant, which "is sufficient evidence to sustain a conviction

6

unless the testimony is incredible or unsubstantial on its face." United States v. Ramirez-Robles, 386 F.3d 1234, 1241 (9th Cir. 2004) (internal quotation marks omitted). Defendant's co-conspirator's testimony was not facially incredible, and the testimony was corroborated by third parties and circumstantial evidence. The evidence was also sufficient to show that Defendant was involved in two conspiracies as alleged in the indictment and not four conspiracies as argued by Defendant. See United Sates v. Kenny, 645 F.2d 1323, 1335 (9th Cir. 1981).

8.     Because a copy of the detention hearing statement with respect to the co-conspirator's supervised release was made available and Defendant acknowledged that his counsel was in possession of the transcript, there was no suppression that could support a Brady violation. See Cunningham, 704 F.3d at 1153–54 ("To state a claim under Brady, a criminal defendant must establish that . . . the government suppressed the evidence . . . .").

9.     Defendant failed to raise his vindictive prosecution claim in the district court and has, therefore, waived it. United States v. Jones, 712 F.2d 1316, 1323 (9th Cir. 1983).

10.     The district court did not abuse its discretion in denying Defendant's motion for a new trial under Federal Rule of Criminal Procedure 33 because, even assuming that the testimony was false and that the prosecution knew of the falsity, Defendant failed to show that "the false testimony was material to the outcome of

7

the trial." United States v. Pelisamen, 641 F.3d 399, 407 (9th Cir. 2011).

Defendant offers evidence that three witnesses testified falsely at the trial on one or two matters each. We have recognized that a new trial might be warranted where a government's entire case rested on the uncorroborated testimony of a single witness later found "totally incredible." United States v. Davis, 960 F.2d 820, 825 (9th Cir. 1992). But a district court does not abuse its discretion in denying a motion for new trial grounded on evidence that would serve only to impeach a witness on isolated and non-material matters. United States v. Hinkson, 585 F.3d 1247, 1266 (9th Cir. 2009) (en banc). Defendant's evidence addresses a handful of potentially false statements made by witnesses whose testimony was otherwise corroborated by the other witnesses' testimony, as well as by circumstantial evidence, and would not render any witness' testimony "totally incredible."

11.    We have reviewed the remaining arguments carefully, and we find no error.

**AFFIRMED.**